# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
302 498 6209 fax
rsmith@mnat.com

September 4, 2007

BY E-FILING

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    *Purdue Pharma Products L.P. et al. v. Par Pharmaceutical, Inc. et al.*, C.A. Nos. 07-255-JJF and 07-414-JJF

Dear Judge Farnan:

      In anticipation of the Scheduling Conference set for Thursday, September 6, 2007 at 4:00 p.m., the parties submit the attached Proposed Joint Order Of Consolidation And Rule 16 Scheduling Order. The areas where the parties still have disagreements are set forth in the Proposed Order.

      Respectfully,

      */s/ Rodger D. Smith II*

      Rodger D. Smith II (#3778)

cc:    Clerk of the Court (By E-Filing)
        Frederick L. Cottrell III, Esquire (By E-Filing)
        Robert E. Colletti, Esquire (By E-Mail)
        Richard D. Kirk, Esquire (By E-Mail)
        Mary W. Bourke, Esquire (By E-Mail)

1226279

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PURDUE PHARMA PRODUCTS L.P., NAPP PHARMACEUTICAL GROUP LTD., BIOVAIL LABORATORIES INTERNATIONAL, SRL, and ORTHO-MCNEIL, INC.,<br><br>Plaintiffs/Counterclaim-defendants,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC.,<br><br>Defendants/Counterclaim-plaintiffs. | Civil Action No. 07-255-JJF<br>Civil Action No. 07-414-JJF |

### [PROPOSED] JOINT ORDER OF CONSOLIDATION AND RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

Civil Action No. 07-255-JFF and Civil Action No. 07-414-JFF shall be consolidated for all purposes and filings shall be made in Civil Action No. 07-255-JJF. These two actions seek relief from alleged patent infringement based on the filing by defendants ("Par") of Abbreviated New Drug Application No. 78-783, seeking approval of the Food and Drug Administration (FDA) to market an extended release formulation of tramadol hydrochloride, an analgesic. The parties are the same in both actions, as is the patent in suit, U.S. Patent No. 6,254,887.

The following schedule shall apply to the consolidated actions. While the parties have worked together to agree on the majority of issues set forth in this schedule and as required

1

by Fed. R. Civ. P. 26(f), a disagreement remains concerning the discovery schedule.  The parties set forth below their respective proposed schedules and positions on this issue.

       1.    **Pre-Discovery Disclosures**.  The parties have agreed to waive disclosure of the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1, except that information required by Fed. R. Civ. P. 26(a)(1)(A) shall be exchanged upon completion of document production.

       2.    **Joinder of Other Parties**.  All motions to join other parties shall be filed on or before March 5, 2008.

       3.    **Discovery**.

The parties agree on the following events as set forth in paragraphs 3(b), 3(c), and 3(d) of the Court's form scheduling order.

       (i)    Maximum of 25 interrogatories, including contention interrogatories, for each party upon any other party.  As used in this sub-paragraph 3(i), Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. constitute one party; Purdue Pharma Products L.P. and Napp Pharmaceutical Group Ltd. constitute one party; Biovail Laboratories International, SRL constitutes one party; and Ortho-McNeil, Inc. constitutes one party.

       (ii)    Maximum of 50 requests for admission by each side, not including requests for stipulation relating to authenticity, which will be unlimited.  Authentication of documents may also be handled by a separate stipulation.

       (iii)    Depositions shall be limited to 144 hours per side, including depositions under Fed. R. Civ. P. 30(b)(6), but excluding expert depositions.  Except for document retention or custodial depositions, depositions shall not commence until the discovery required by Paragraph 3(a) of the Court's form scheduling order (i.e., exchange of initial responses to

contention interrogatories, exchange of initial identification of fact witnesses, and document production) is completed.

Third-party fact discovery that is initiated ninety (90) days or more before the close of fact discovery shall be allowed to be completed if the delay in completion is because of foreign procedural requirements.

With respect to expert depositions, each side shall be limited to 7 hours of expert deposition testimony for each expert witness who submits an expert report.

The parties were unable to reach agreement on dates for the events set forth in paragraphs 3(a), 3(e), and 3(f) of the Court's form scheduling order. Accordingly, the parties' respective proposed schedules are as follows:

| Event | Plaintiffs' proposal | Defendants' proposal |
|---|---|---|
| Exchange of initial responses to contention interrogatories, exchange of initial identification of fact witnesses, and completion of document production | February 8, 2008 | November 26, 2007 |
| Completion of fact discovery | June 6, 2008 | April 25, 2008 |
| Expert reports on issues on which parties bear the burden of proof | June 20, 2008 | June 6, 2008 |
| Rebuttal expert reports | July 25, 2008 | June 27, 2008 |
| Notice and completion of expert discovery | September 12, 2008 | August 30, 2008 |

Plaintiffs' Statement Regarding the Discovery Schedule

Plaintiffs need until February 8, 2008 to complete document production because the development of the patented invention at issue in this case took place in Europe, beginning over ten years ago. As such, much of the relevant documentation is archived at foreign off-site

3

locations. While Plaintiffs will commence their document production well in advance of February 8 and provide their discovery on a rolling basis, Plaintiffs believe it is unrealistic to expect to complete their production earlier (*i.e.*, by Defendants' proposed November 26 date) in light of these circumstances.

Moreover, Plaintiffs do not believe that simply "splitting the baby," by picking a date in the middle, *e.g.*, December 31, in order to begin depositions sooner is feasible here because of the likely absence of personnel, especially in Europe, around the Christmas and New Year holidays to assist in document production or to make themselves available to testify.

Plaintiffs' proposed schedule will not prejudice Defendants in any way because it allows plenty of time (four months) to conduct fact depositions, followed by a reasonable expert discovery schedule. Indeed, Plaintiffs' proposed schedule does not interfere with any of the proposed dates for case-dispositive motions, Markman briefing, or pre-trial conference that all parties have agreed upon.

The parties agreed that the existence of numerous witnesses in Europe required an extension of the fact deposition cut-off date (Plaintiffs propose June 6) to permit Defendants sufficient time to conduct their depositions. The same fact situation (involvement of foreign witnesses) compels the need for Plaintiffs to have sufficient time to produce their documents.

Defendants' Statement Regarding the Discovery Schedule

Plaintiffs filed their original complaint in this action on May 9, 2007. The Plaintiffs have known that this patent infringement action against Defendants was imminent since at least March 27, 2007, the date upon which the Plaintiffs were first notified by written letter of Defendants' challenge to U.S. Patent No. 6,254,887.

Plaintiffs have already had six months to collect and review relevant documents in this action. Defendants believe that an additional three months (until November 26, 2007) is more than sufficient time for Plaintiffs to collect and produce documents. Plaintiffs' proposal for a document production deadline that is more than 10 months from receiving notice of this dispute and over five months from now (until February 8, 2008) is unnecessary. Plaintiffs' argument that they need to coordinate with European personnel and retrieve archived documents does not justify a five-month period of time to produce documents.

Plaintiffs' proposed February 8, 2008 document production deadline will also delay the start of fact depositions for another five months. Defendants expect that many of Plaintiffs' documents will be in German and as such Defendants will need to translate many documents before fact depositions can commence. Moreover, Plaintiffs have indicated the likely necessity for the parties to travel to Europe to depose many of the witnesses in this action. Given the burden Defendants will bear to prepare for depositions it is appropriate to require Plaintiffs to complete their document production in three months. The Plaintiffs are represented by four different law firms with more than enough man power to ensure completion of documents produced on a rolling basis before November 26, 2007.

4. **Non-Case Dispositive Motions**.

(a) Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

        (b)    At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

        (c)    Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by email at: jjf_civil@ded.uscourts.gov.

        (d)    Motions in limine shall be filed and briefed so that all briefing is complete at least five business days before the Pretrial Conference.

        5.    **Amendment of the Pleadings**.  All motions to amend the pleadings shall be filed on or before March 21, 2008.

        6.    **Case Dispositive Motions**.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before November 7, 2008.  Opposition briefs shall be filed by December 5, 2008, and reply briefs shall be filed by December 15, 2008.  No case dispositive motion may be filed more than ten (10) days prior to November 7, 2008 without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment motions.

        7.    **Markman**.  A combined hearing on the Markman and case dispositive motions will be scheduled at the convenience of the Court.  The parties will identify and exchange claim terms/phrases to be construed by the Court on October 3, 2008.  The parties will exchange proposed claim constructions on October 10, 2008.  Briefing for claim construction shall follow the same schedule as for case dispositive motions.  Opening claim construction briefs are due by November 7, 2008; answering briefs are due by December 5, 2008.  Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing.  The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8. **Applications by Motion**.

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9. **Pretrial Conference and Trial**. After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference. The parties request a Pretrial Conference in March 2009.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference. The parties request a trial date in May 2009.

8

_____                    _____
DATE                           UNITED STATES DISTRICT JUDGE

1226237