IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA PRODUCTS L.P., NAPP PHARMACEUTICAL GROUP LTD., BIOVAIL LABORATORIES INTERNATIONAL SRL, and ORTHO-MCNEIL, INC., <br><br>    Plaintiffs, <br><br>    v. <br><br>PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC., <br><br>    Defendants. | C.A. No. 07-255 (JJF) <br>(CONSOLIDATED) |

**JOINT STIPULATION AND ORDER FOR EXTENSION OF TIME
TO PRODUCE OVERSEAS ELECTRONIC DOCUMENTS FROM
PLAINTIFF NAPP AND THIRD-PARTY MUNDIPHARMA GMBH**

Plaintiffs Purdue Pharma Products L.P. ("Purdue") and Napp Pharmaceutical Group Ltd. ("Napp") and Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (collectively "Par") hereby stipulate, subject to the Court's approval, to an extension of the deadline for Purdue and Napp to produce electronic documents from the U.K. and Germany from January 4, 2008, as set forth in the Court's October 10, 2007 Joint Order Of Consolidation And Rule 16 Scheduling Order, to January 30, 2008.

Purdue and Napp represent that an extension is necessary because of unanticipated technical difficulties and legal obstacles encountered in collecting the overseas electronic documents.[1] The technical difficulty in collecting overseas e-mails was caused by the large archive databases in which they are stored. This prevented running any useful searches for

---

[1] The patent-in-suit, U.S. Patent No. 6,254,887, is based on work done in the early to mid-1990s at Napp in the U.K. and at Mundipharma in Germany. These electronic documents date back only to 2003 in the UK and 2004 in Germany. A portion of the electronic documents in Germany date back to 1999.

documents responsive to Par's document requests within the databases. Purdue and Napp ultimately solved these technical problems, after several phone conferences between Purdue in-house IT specialists and IT personnel at Napp in the U.K. and third-party Mundipharma GmbH ("Mundipharma") in Germany, followed by two separate trips overseas by Purdue in-house IT specialists to assist with trouble-shooting, running searches, and collecting these files.

The legal obstacle to collecting overseas electronic documents is that foreign privacy laws prohibit exportation of any documents unrelated to this litigation. As a result, e-mails had to be indexed by text, searched for documents related to the patented technology while still in the U.K. and Germany, and then reviewed and approved by Napp and third-party Mundipharma's legal departments to confirm that foreign privacy laws were complied with before the documents could be legally sent to the U.S. The same was required for shared electronic files from Napp and third-party Mundipharma.

Accordingly, Purdue, Napp, and Par agree, subject to the Court's approval, that:

1. The time for Purdue and Napp to produce the above-described electronic documents from the U.K. and Germany is hereby extended through and including January 30, 2008.

2. This extension does not affect the time for Purdue and Napp to produce all other categories of relevant documents, which are due on January 4, 2008. On December 26, 2007, Purdue and Napp produced more than 175,000 pages and will produce all other categories of relevant non-privileged documents by January 4, 2008. This includes: (a) relevant non-privileged paper documents from Purdue and Napp; (b) relevant non-privileged electronic documents from Purdue; and (c) relevant non-privileged paper documents from third-party Mundipharma.

3. The extension to January 30, 2008 for the above-described electronic documents will not affect any other deadlines in the Court's October 10, 2007 Scheduling Order.

4. Purdue and Napp will not seek any further extensions of the document production deadline. Moreover, Purdue and Napp will produce their remaining documents on a rolling basis.

5. Purdue and Napp will not seek further extensions of any discovery dates in the Scheduling Order based on this delayed production of electronic documents.

6. Purdue and Napp reserve their right to seek modification of the Court's October 10, 2007 Scheduling Order on other grounds as necessary and/or join in any extensions requested by other parties or third-parties in this action.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER |
|---|---|
| */s/ Rodger D. Smith II (#3778)* | */s/ Steven J. Fineman (#4025)* |
| Jack B. Blumenfeld (#1014) | Frederick L. Cottrell, III (#2555) |
| Rodger D. Smith II (#3778) | Steven J. Fineman (#4025) |
| 1201 N. Market Street | One Rodney Square |
| Wilmington, DE 19899-1347 | Wilmington, Delaware 19899 |
| (302) 658-9200 | (302) 651-7700 |
| jblumenfeld@mnat.com | cottrell@rlf.com |
| rsmith@mnat.com | fineman@rlf.com |
| *Attorneys for Plaintiffs Purdue Pharma Products L.P. and Napp Pharmaceutical Group Ltd.* | *Attorneys for Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc.* |

1347581

SO ORDERED this __ day of _____, 2007.

_____
Judge Joseph J. Farnan
United States District Court Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard D. Kirk, Esquire
>THE BAYARD FIRM
>
>Mary W. Bourke, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP

I further certify that I caused to be served copies of the foregoing document on December 27, 2007, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                              *VIA ELECTRONIC MAIL*
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
Wilmington, DE  19801

Mary W. Bourke, Esquire                                         *VIA ELECTRONIC MAIL*
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801


>*/s/ Rodger D. Smith II (#3778)*
>Rodger D. Smith II (#3778)