IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA PRODUCTS L.P., NAPP PHARMACEUTICAL GROUP LTD., BIOVAIL LABORATORIES INTERNATIONAL SRL, and ORTHO-MCNEIL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC., <br><br> Defendants. | ) ) ) ) ) ) C.A. No. 07-255-JJF ) ) ) ) ) ) ) ) ) |

### NOTICE OF DEPOSITION UNDER RULE 30(B)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. will take the deposition of Plaintiff Biovail Laboratories International SRL ("Biovail") by oral examination using video tape, audio tape, and/or stenographic means, or a combination of those means. The oral examination will begin on March 26, 2008 at 9:30 a.m., at the offices of Frommer Lawrence & Haug LLP, located at 745 Fifth Avenue, New York, New York 10151, and continue from day to day until completed, with such adjournments as to time and place as may be necessary. The deposition will be before a Notary Public or other officer authorized by law to administer oaths.

Pursuant to Rule 30(b)(6), Biovail shall designate one or more officers, directors, managing agents, or other persons who consent and are knowledgeable to testify on their behalf with respect to the subject matters set forth in attached Schedule B. It is understood that Biovail, in response to this Notice, may have to identify and produce several different designees to

2

respond to the subject matters set forth in Schedule B. Biovail shall identify its designated witnesses by category on or before March 11, 2008.

You are invited to attend and examine the witness(es).

Of Counsel

Edgar H. Haug
Robert E. Colletti
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

/s/
Frederick L. Cottrell, III (# 2555)
Cottrell@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.

Dated: February 26, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2008, true and correct copies of the foregoing were caused to be served on counsel of record at the following addresses as indicated:

**BY HAND DELIVERY**
Jack B. Blumenfeld, Esquire
Rodger D. Smith II, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

**BY HAND DELIVERY**
Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130

**BY HAND DELIVERY**
Mary W. Bourke, Esquire
Conolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899

**BY FEDERAL EXPRESS**
Herbert F. Schwartz
Richard A. Inz
Sona De
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036

**BY FEDERAL EXPRESS**
Robert J. Goldman
Ropes & Gray LLP
525 University Avenue
Suite 300
Palo Alto, California 94310

_____
Steven J. Fineman (#4025)

## SCHEDULE A

## **DEFINITIONS**

1. The term "Plaintiffs" shall mean and include Purdue Pharma Products L.P., Napp Pharmaceutical Group Ltd., Biovail Laboratories International SRL, and Ortho-McNeil, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Plaintiffs (including Euro-Celtique S.A. and Mundipharma International Limited), as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Plaintiffs or any affiliated corporation or business entity and any other persons under the control of Plaintiffs.

2. The term "Biovail" shall mean Biovail, Inc. or any of its partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of Biovail, as well as all of Biovail's parents, divisions, subsidiaries, and affiliates.

3. The phrase "the '887 patent" shall mean United States Patent No. 6,254,887 entitled "Controlled release tramadol," which issued on July 3, 2001.

4. The term "document" shall have the comprehensive meaning, in the broadest sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure.

5. The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

6. The term "concerning" shall mean comprising, containing, constituting, embodying, evidencing, discussing, reflecting, relating to, referring to, or identifying.

7. The term "person" shall mean any natural person.

8.   The term "and" and "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a discovery request. The use of a verb in any of these shall be construed as the use of the verb in all other tenses; and the singular form shall be deemed to include the plural and vice versa.

# SCHEDULE B

## SUBJECTS OF THE DEPOSITION

Questions asked at the deposition will relate to the subjects set forth below:

1. Any licenses, contracts, and/or agreements concerning a controlled-release formulation for tramadol.

2. Any licenses, contracts, and/or agreements concerning the '887 patent.

3. Any communications with Plaintiffs concerning a controlled-release formulation for tramadol.

4. Biovail's experimental work and clinical trials, including pre-clinical, phase I, phase II, phase III, and phase IV studies, for any controlled-release formulation for tramadol, whether held in the United States or another country, including, but not limited to, the design of the studies, the location of the studies, the results of the studies, and the use of study results in any application to any governmental agency.

5. The statistical procedure(s) and/or methods for designing the clinical trials referenced in Topic 4, and for analyzing results obtained.

6. Any publications concerning the results of the clinical trials referenced in Topic 4.

7. Any communications between Biovail and the FDA concerning a controlled-release formulation of tramadol including, but not limited to, NDA 21-692, IND 59023, and citizens petitions and responses concerning Biovail's controlled-release tramadol formulation.

8. Research and development of the formulation identified in NDA 21-692.

9. Biovail's patents relating to controlled-release formulations for tramadol.

10. The relevant market for a controlled-release formulation for tramadol.

11. Biovail's business plans, market forecasts, sales forecasts, and pricing plans for a controlled-release formulation for tramadol.

12. The total amount of revenue derived from sales of Ultram® ER for each year from the date of first sale to the present.

13. Documents concerning the foregoing topics.

14. Persons knowledgeable about the foregoing topics.

## SCHEDULE C

## **DOCUMENTS**

Par requests that seven days before the deposition, Biovail identify previously produced documents or produce a copy of other documents, that are the source of information called for or that Biovail expects to provide in response to this deposition notice, and promptly update the identification or production up through the time of the deposition.