IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA PRODUCTS L.P., <br> NAPP PHARMACEUTICAL GROUP LTD., <br> BIOVAIL LABORATORIES INTERNATIONAL, <br> SRL, and ORTHO-MCNEIL, INC., <br><br> Plaintiffs/Counterclaim-defendants, <br><br> v. <br><br> PAR PHARMACEUTICAL, INC. and <br> PAR PHARMACEUTICAL COMPANIES, INC., <br><br> Defendants/Counterclaim-plaintiffs. | C.A. No. 07-255-JJF <br> (CONSOLIDATED) |

**FIRST AMENDED NOTICE OF DEPOSITION OF
DEFENDANTS PAR PHARMACEUTICAL, INC. AND
PAR PHARMACEUTICAL COMPANIES, INC.
PURSUANT TO RULE 30(B)(6), FED. R. CIV. P.**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs Purdue Pharma Products L.P. and Napp Pharmaceutical Group Ltd. (collectively "Purdue") will take the deposition by oral examination of defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (collectively "Par").

The deposition will commence at 10:00 a.m. on April 25, 2008 at the offices of Ropes & Gray, 1211 Avenue of the Americas, New York, New York or at such other time and place as counsel may agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Par is required to designate one or more officers, directors, managing agents, or other persons who will testify on its behalf with respect to each of the topics set forth in the attached Schedule A. In addition, Par is requested to provide plaintiffs' counsel with written notice, at least one week in advance of the deposition, of the name and title of each

witness who will testify on behalf of Par, and the particular topic(s) set forth in Schedule A as to which each such witness will testify.

The deposition will be taken before a Notary Public or other officer authorized by law to administer oaths, and will continue from day to day until completed, weekends and holidays excepted, with such adjournments as to time and place that may be necessary. The deposition will be recorded by sound, video and/or stenographic means.

You are invited to attend.

                                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                                    */s/ Rodger D. Smith II*

                                                    Jack B. Blumenfeld (#1014)
                                                    Rodger D. Smith II (#3778)
                                                    1201 North Market Street
                                                    P.O. Box 1347
                                                    Wilmington, DE 19899-1347
                                                    (302) 658-9200
                                                    jblumenfeld@mnat.com
                                                    rsmith@mnat.com

                                                    *Attorneys for Plaintiffs*
                                                      *Purdue Pharma Products L.P.*
*Of Counsel:*                                   *and Napp Pharmaceutical Group Ltd.*

Robert J. Goldman
ROPES & GRAY LLP
525 University Avenue
Suite 300
Palo Alto, CA 94301
(650) 617-4000

Sona De
Richard A. Inz
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Dated: April 16, 2008
2295253

2

## SCHEDULE A

## DEFINITIONS

Purdue incorporates by reference the Definitions set forth in Purdue's First Set Of Requests For Production Of Documents And Things, served on August 23, 2007.

## DEPOSITION TOPICS

1. The composition of Par Tablets, including the identity of each ingredient in the tablet; the amount of each ingredient in the tablet; the function/purpose of each ingredient in the tablet; and how the tablet is made.

2. The physical, chemical, physiological, pharmacokinetic (*e.g.*, Tmax, Cmax, in vitro release rates, in vitro absorption rates), and pharmacodynamic properties (*e.g.*, uptake, binding, movement, breakdown) of Par Tablets, including any testing, measurement, analysis or estimation of said properties.

3. Any testing, analysis and/or results relating to the in vitro dissolution rate of Par Tablets, including the method(s) used to measure said dissolution rate and the reasons for selecting said method(s).

4. Any analysis done by or for Par of the approved United States Pharmacopoeia (USP) Dissolution Tests for Solid Dosage Forms, including but not limited to the paddle apparatus and basket apparatus set forth in the USP that may be used for any controlled-release tramadol hydrochloride formulation, including but not limited to Par Tablets.

5. Any analysis done by or for Par of the approved European Pharmacopoeia (EP) Dissolution Tests for Solid Dosage Forms, including but not limited to the paddle apparatus and basket apparatus set forth in the EP that may be used for any controlled-release tramadol hydrochloride formulation, including but not limited to Par Tablets.

6. Any comparison done by or for Par between the approved United States Pharmacopoeia (USP) and European Pharmacopoeia (EP) Dissolution Tests for Solid Dosage Forms, including but not limited to any comparison between the paddle apparatus and basket apparatus set forth in the USP or EP that may be used for any controlled-release tramadol hydrochloride formulation, including but not limited to Par Tablets.

7. The dosing of Par Tablets.

8. Research, design and development of Par Tablets.

9. Any comparison or test of Par Tablets against any other controlled-release tramadol hydrochloride formulation, including but not limited to Ultram® ER.

10. Any controlled-release tramadol formulation considered, tested, selected, rejected, and/or manufactured by or for Par, including why each such controlled-release tramadol hydrochloride formulation was considered, tested, selected, rejected, and/or manufactured and the individuals involved in those decisions.

11. Any research or development conducted by Par that resulted in any controlled-release tramadol hydrochloride formulation, including but not limited to Par Tablets; the decision to pursue such research or development; any factor(s) considered in that decision; and the individuals involved in that decision.

12. Any analysis of any controlled-release tramadol hydrochloride formulations other than formulations from or by Par, including but not limited to Ultram® ER, including the composition, properties, or clinical efficacy of those formulations; the purpose of any such analysis; the individuals involved in any such analysis; and any bearing of such analysis on the research or development of Par Tablets.

13. Any actual or proposed clinical study and/or animal testing of Par Tablets, including the time, location, size, objective, protocol, result, and conclusion of any such study and the individuals involved in its design, administration, or analysis.

14. Any communication, publication or dissemination of the time, location, size, objective, protocol, result, or conclusion of each study described in Topic 13.

15. The preparation, filing, and attempts to secure FDA approval of any controlled release tramadol hydrochloride formulation by or for Par, including but not limited to ANDA No. 78-783 and any amendments or supplements thereto.

16. Any communications between Par and the FDA relating to any controlled release tramadol hydrochloride formulation by or for Par, including but not limited to communications relating to ANDA No. 78-783 and any amendments or supplements thereto.

17. Par's Paragraph IV Certifications and/or ANDA Notice, including but not limited to (i) any statements or certifications, and documentation relating thereto, submitted by Par to the FDA, asserting that the '887 patent is invalid, unenforceable and/or not-infringed; (ii) Par's letter dated March 27, 2007 to Biovail Laboratories Int'l SRL ("Biovail") and Euro-Celtique S.A. regarding "Ultram® ER; route of administration: oral; strength: 200 mg," (iii) Par's letter dated May 21, 2007 to Biovail and Purdue regarding "Ultram® ER; route of administration: oral; strength: 100 mg and 200 mg," and (iv) Par's letter dated September 24, 2007 to Biovail and Purdue regarding "Ultram® ER; route of administration: oral; strength: 300 mg."

18. The decision by Par to omit from its regulatory filings any data, test results, or analysis generated in the research or development of any tramadol hydrochloride formulation, including but not limited to Par Tablets; the identity of such data, test results or

3

analysis; the reason(s) why such data, test results, or analysis were omitted from Par's regulatory filings; and the individual(s) that made the decision to omit such data, test results, or analysis.

19. Par's awareness of any patents and/or patent applications relating to any controlled released tramadol formulations, including but not limited to Par's first awareness of the '887 and '430 patents.

20. Any opinions of counsel regarding the '887 and/or '430 patents and Par's reliance thereon.

21. Any analysis done by or for Par relating to the statements made in Par's Paragraph IV Certifications and/or ANDA Notice and the basis therefore, including but not limited to (i) any statements or certifications, and documentation relating thereto, submitted by Par to the FDA, asserting that the '887 patent is invalid, unenforceable and/or not-infringed; (ii) Par's letter dated March 27, 2007 to Biovail Laboratories Int'l SRL ("Biovail") and Euro-Celtique S.A. regarding "Ultram® ER; route of administration: oral; strength: 200 mg," (iii) Par's letter dated May 21, 2007 to Biovail and Purdue regarding "Ultram® ER; route of administration: oral; strength: 100 mg and 200 mg," and (iv) Par's letter dated September 24, 2007 to Biovail and Purdue regarding "Ultram® ER; route of administration: oral; strength: 300 mg."

22. The date, timing, preparations, and plans for Par's anticipated commercialization and launch for Par Tablets, including market and pricing analysis; market and pricing forecasts; sales and profit projections.

23. Any evaluation of Ultram® ER, including its revenues, costs, profits, market share, and customer perceptions; the purpose of any such evaluation; the individuals involved in any such evaluation; and any bearing of such evaluation on the commercialization and launch plans for Par Tablets.

4

24. The identity and location of documents concerning each of the foregoing topics.

25. The identity and location of persons most knowledgeable about each of the foregoing topics.

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

> Frederick L. Cottrell, III, Esquire
> Steven J. Fineman, Esquire
> RICHARDS, LAYTON & FINGER, P.A.
>
> Richard D. Kirk, Esquire
> BAYARD, P.A.
>
> Mary W. Bourke, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP

I further certify that I caused to be served copies of the foregoing document on April 16, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Steven J. Fineman, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Edgar H. Haug, Esquire<br>Robert E. Colletti, Esquire<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, NY 10151 | *VIA ELECTRONIC MAIL* |
| Richard D. Kirk, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Mary W. Bourke, Esquire<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>The Nermours Building<br>1007 North Orange Street<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)