## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PURDUE PHARMA PRODUCTS L.P., NAPP PHARMACEUTICAL GROUP LTD., BIOVAIL LABORATORIES INTERNATIONAL SRL, and ORTHO-MCNEIL, INC., | ) ) ) ) ) | C.A. No. 07-255-JJF |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC., | ) ) ) | |
| Defendants. | ) | |

### AMENDED NOTICE OF DEPOSITION UNDER RULE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. will take the deposition of Plaintiffs Napp Pharmaceutical Group Ltd. ( "Napp") by oral examination using video tape, audio tape, and/or stenographic means, or a combination of those means. The oral examination will begin on May 28, 2008 at 9:30 a.m., at the offices of Frommer Lawrence & Haug LLP, located at 745 Fifth Avenue, New York, New York 10151, and continue from day to day until completed, with such adjournments as to time and place as may be necessary. The deposition will be before a Notary Public or other officer authorized by law to administer oaths.

Pursuant to Rule 30(b)(6), Napp shall designate one or more officers, directors, managing agents, or other persons who consent and are knowledgeable to testify on their behalf with respect to the subject matters set forth in attached Schedule B. It is understood that Napp, in response to this Notice, may have to identify and produce several different designees to respond to the subject matters set forth in Schedule B. Napp shall identify its designated witnesses by category on or before May 23, 2008.

You are invited to attend and examine the witness(es).

Of Counsel

Edgar H. Haug
Robert E. Colletti
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

Dated: May 19, 2008

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants Par Pharmaceutical,
Inc. and Par Pharmaceutical Companies, Inc.

2

## SCHEDULE A

## DEFINITIONS

1.      The term "Plaintiffs" shall mean and include Purdue Pharma Products L.P., Napp Pharmaceutical Group Ltd., Biovail Laboratories International SRL, and Ortho-McNeil, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Plaintiffs (including Euro-Celtique S.A., Mundipharma International Limited, R.W. Johnson Pharmaceutical Research Institute, and Johnson & Johnson Pharmaceutical Research & Development, L.L.C.), as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Plaintiffs or any affiliated corporation or business entity and any other persons under the control of Plaintiffs.

2.      The term "Ortho" shall mean Ortho-McNeil, Inc. or any of its partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of Ortho, as well as all of Ortho's parents, divisions, subsidiaries, and affiliates (including R.W. Johnson Pharmaceutical Research Institute, and Johnson & Johnson Pharmaceutical Research & Development, L.L.C.).

3.      The term "Biovail" shall mean Biovail Laboratories International SRL or any of its partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of Biovail, as well as all of Biovail's parents, divisions, subsidiaries, and affiliates.

4.      The term "Defendants" shall mean Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.

5.     The phrase "Grünenthal" shall mean and include Grünenthal GMBH, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Grünenthal (including Grünenthal USA, Inc.), as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Grünenthal or any affiliated corporation or business entity and any other persons under the control of Grünenthal.

6.     The term "Asta Medica" shall mean Asta Medica Limited or any of its partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of Asta Medica, as well as all of Asta Medica's parents, divisions, subsidiaries, and affiliates.

7.     The phrase "the '887 patent" shall mean United States Patent No. 6,254,887 entitled "Controlled release tramadol," which issued on July 3, 2001.

8.     The phrase the "the '430 patent" shall mean United States Patent No. 7,704,430 entitled "Controlled release tramadol tramadol [sic] formulation," which issued on July 11, 2006.

9.     The phrase "Napp v. Asta litigation" shall mean the lawsuit between Napp Pharmaceutical Group Limited and Asta Medica Limited in the United Kingdom referenced in the March 10, 2000 Information Disclosure Statement Concerning Related Foreign Litigation submitted during prosecution of the '887 patent.

10.    The phrase "the Merck reference" shall mean European Patent Application No. 147,780.

11.    The phrase "Napp's repeat experiments of the Merck reference" shall mean Experiments relating to the Merck reference conducted at Napp's Cambridge premises on or about December 1998 referenced on pages 10 and 11 of the March 10, 2000 Information

2

Disclosure Statement Concerning Related Foreign Litigation submitted during prosecution of the '887 patent.

12.     The term "document" shall have the comprehensive meaning, in the broadest sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure.

13.     The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

14.     The term "concerning" shall mean comprising, containing, constituting, embodying, evidencing, discussing, reflecting, relating to, referring to, or identifying.

15.     The term "person" shall mean any natural person.

16.     The term "and" and "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a discovery request.  The use of a verb in any of these shall be construed as the use of the verb in all other tenses; and the singular form shall be deemed to include the plural and vice versa.

## SCHEDULE B

## SUBJECTS OF THE DEPOSITION

Questions asked at the deposition will relate to the subjects set forth below:

1.   Any licenses, contracts, and/or agreements concerning a controlled-release formulation for tramadol.

2.   Any licenses, contracts, and/or agreements between any Plaintiff, and Grünenthal or any Plaintiff concerning controlled-release formulations for tramadol.

3.   Any licenses, contracts, and/or agreements concerning the '887 patent or the '430 patent.

4.   Any communications with Plaintiffs concerning a controlled-release formulation for tramadol.

5.   Any communications with third parties concerning a controlled-release formulation for tramadol including but not limited to Grünenthal GMBH and any Plaintiff.

6.   Any Plaintiff's experimental work, bioavailability studies, and clinical trials, including pre-clinical, phase I, phase II, phase III, and phase IV studies, for any controlled-release formulation for tramadol, whether held in the United States or another country, including, but not limited to, the design of the studies, the location of the studies, the results of the studies, and the use of study results in any application to any governmental agency.

7.   Any publications concerning the results of the clinical trials referenced in Topic 4.

8.   Any Plaintiff's experimental work, bioavailability studies, and clinical trials, including pre-clinical, phase I, phase II, phase III, and phase IV studies, for any controlled-release formulation for tramadol, whether held in the United States or another country, including, but not limited to, the design of the studies, the location of the studies, the results of the studies, and the use of study results in any application to any governmental agency including but not limited to IND No. 60,088 and NDA Nos. 21-193 and 21-692.

9.   Any communications between any Plaintiff and the FDA concerning a controlled-release formulation of tramadol including but not limited to IND No. 60-008 and NDA Nos. 21-193 and 21-692, and citizens petitions and responses concerning Ortho's controlled-release tramadol formulation.

10.   Research and development of controlled-release tramadol formulations including but not limited to the formulation identified in IND No. 60-008 and NDA Nos. 21-193 and 21-692.

11.   Research and development of any Plaintiff's controlled-release tramadol formulations, including but not limited to Ultram® SR and Ultram® ER.

12.   Due diligence of Biovail's NDA No. 21-692.

13. Purdue's, Napp's or Euro-Celtique's patents relating to controlled-release formulations for tramadol.

14. The relevant market for a controlled-release formulation for tramadol.

15. Purdue's or Napp's business plans, market forecasts, sales forecasts, and pricing plans for a controlled-release formulation for tramadol.

16. The listing of Ultram® ER on drug formulary lists.

17. The total amount of revenue derived from sales of Ultram® ER for each year from the date of first sale to the present.

18. Napp's repeat experiments of the Merck reference.

19. All communications, correspondence, documents or materials relating to formulations and manufacturing processes thereof, protocols, testing conditions, data, graphs, reports, conclusions, analyses, and drafts of all of the foregoing, concerning Napp's repeat experiments of the Merck reference.

20. All persons present or who participated in the design, execution, analysis or reporting of Napp's repeat experiments of the Merck reference.

21. All communications, correspondence, documents or materials circulated among Plaintiffs concerning Napp's repeat experiments of the Merck reference.

22. All communications, correspondence, documents or materials sent to the inventors of the '887 patent or the '430 patent concerning Napp's repeat experiments of the Merck reference.

23. All communications, correspondence, documents or materials sent to any individual involved in the prosecution of the '887 patent or the '430 patent concerning Napp's repeat experiments of the Merck reference.

24. All communications, correspondence, documents or materials sent to the Napp patent department or Rodger Milnes concerning Napp's repeat experiments of the Merck reference.

25. All communications, correspondence, documents or materials sent to Davidson, Davidson & Kappel, LLC, Clifford M. Davidson or Robert J. Paradiso concerning Napp's repeat experiments of the Merck reference.

26. All communications, correspondence, documents or materials concerning the disclosure of Napp's repeat experiments of the Merck reference during prosecution of the '887 patent or the '430 patent.

27. All persons involved in the disclosure of Napp's repeat experiments of the Merck reference during prosecution of the '887 patent or the '430 patent.

2

28.  The Expert Report of Professor Alexander Taylor Florence submitted in the Napp v. Asta litigation.

29.  The Supplemental Expert Report of Professor Florence submitted in the Napp v. Asta litigation.

30.  The Confidential Supplemental Expert's Report of John Tasker Fell, and annex JTF.6, submitted in the Napp v. Asta litigation.

31.  Documents concerning the foregoing topics.

32.  Persons knowledgeable about the foregoing topics.

33.  Sources and methods for collecting documents responsive to Defendants' First Set Of Requests For Production Of Documents And Things To Napp Pharmaceutical Group Ltd.

3

**SCHEDULE C**

## **DOCUMENTS**

Par requests that seven days before the deposition, Napp identify previously produced documents or produce a copy of other documents, that are the source of information called for or that Napp expects to provide in response to this deposition notice, and promptly update the identification or production up through the time of the deposition.

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, I electronically filed the foregoing document with

the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

Jack B. Blumenfeld, Esquire
Rodger D. Smith II, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130

Mary W. Bourke, Esquire
Conolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on May 19, 2008, I have sent by Electronic Mail, the foregoing

document to the following non-registered participants:

Robert J. Goldman, Esquire
Ropes & Gray LLP
525 University Avenue
Suite 300
Palo Alto, California 94310

Richard A. Inz
Sona De
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com