# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PURDUE PHARMA PRODUCTS L.P.,<br>NAPP PHARMACEUTICAL GROUP LTD.,<br>BIOVAIL LABORATORIES INTERNATIONAL,<br>SRL, and ORTHO-MCNEIL, INC.,<br><br>Plaintiffs/Counterclaim-defendants,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC. and<br>PAR PHARMACEUTICAL COMPANIES, INC.,<br><br>Defendants/Counterclaim-plaintiffs. | C.A. No. 07-255-JJF<br>(CONSOLIDATED) |

## DECLARATION OF ROBERT J. GOLDMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO RE-OPEN FACT DISCOVERY AND TO EXTEND DATES FOR EXPERT DISCOVERY

I, Robert J. Goldman, declare as follows:

1)      I am a partner at the firm of Ropes & Gray LLP.  I am resident in Ropes & Gray's Palo Alto office, located at 525 University Avenue, Suite 300, Palo Alto, CA 94301.  My firm and I are of counsel in this action to plaintiffs Purdue Pharma Products, L.P. ("Purdue") and Napp Pharmaceuticals Group, Ltd. ("Napp").  I am a member of the bar of the States of California and New York, and am admitted to the bar of this Court pro hac vice.

2)      I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Re-Open Fact Discovery and to Extend Dates for Expert Discovery.

1

3)  I make this declaration on information and belief, based on factual investigations that I caused to be performed in the preparation of Plaintiffs' opposition to defendants' ("Par's") motion.

4)  Attached as Exhibit A is a true and correct copy of a May 5, 2008 letter from me to Edgar Haug, Par's lead counsel.

5)  Attached as Exhibit B is a true and correct copy of a January 11, 2008 email from Richard Kirk, attorney for Biovail Laboratories International, SRL ("Biovail") to Robert Colletti, of counsel to Par.

6)  Attached as Exhibit C is a true and correct copy of a January 11, 2008 email from Mr. Colletti to Mr. Kirk.

7)  Attached as Exhibit D is a true and correct copy of a January 17, 2008 letter from Mr. Kirk to Mr. Colletti.

8)  Attached as Exhibit E is a true and correct copy of a May 27, 2008 email from my partner, Sasha Rao, to Porter Fleming, of counsel to Par.  To my knowledge, defendants have not responded to this email regarding the deposition dates for Harish Pandya, V.S. Rao Voleti, and Muthusamy Shanmugam.

9)  Attached as Exhibit F is a true and correct copy of a May 19, 2008 letter from Ms. Rao to Mr. Fleming.

10)  Attached as Exhibit G is a true and correct copy of an excerpt from the transcript of a September 6, 2007 scheduling conference in this case.

11)  Attached as Exhibit H is a true and correct copy of a December 19, 2007 letter from my partner, Sona De, to Mr. Colletti.

12)    Attached as Exhibit I is a true and correct copy of a January 2, 2008 letter from Christopher Jeffers, attorney for Ortho-McNeil, Inc. ("Ortho") to Mr. Colletti.

13)    Attached as Exhibit J is a true and correct copy of an April 4, 2008 letter from Ms. De to Mr. Colletti.

14)    Attached as Exhibit K is a true and correct copy of an April 7, 2008 email from Mr. Colletti to Ms. De.

15)    Attached as Exhibit L is a true and correct copy of an April 22, 2008 letter from Mr. Colletti to Ms. De.

16)    Attached as Exhibit M is a true and correct copy of an April 28, 2008 letter from Ms. Rao to Jonathan Wise, of counsel to Par.

17)    Attached as Exhibit N are true and correct copies of a May 12, 2008 email from Mr. Fleming to Ms. Rao, and an attached stipulation and order revised and proposed by Par.

18)    Attached as Exhibit O is a true and correct copy of my May 9, 2008 email to Mr. Colletti.  To my knowledge, defendants have not responded to this email regarding a deposition date for Dr. Sackler.

19)    Attached as Exhibit P is a true and correct copy of a June 6, 2008 email from Mr. Colletti to me.

20)    Attached as Exhibit Q is a true and correct copy of a May 27, 2008 email from me to Mr. Colletti.

21)    Attached as Exhibit R is a true and correct copy of a March 26, 2008 email from Ms. De to Mr. Colletti.

22)    Attached as Exhibit S is a true and correct copy of a March 19, 2008 email from Mr. Kirk to Mr. Colletti.

23)     Attached as Exhibit T is a true and correct copy of a March 20, 2008 email from Mr. Colletti to Mr. Kirk.

24)     Attached as Exhibit U is a true and correct copy of a March 20, 2008 email from Mr. Colletti to Ms. De.

25)     Attached as Exhibit V is a true and correct copy of a May 7, 2008 email from me to Mr. Colletti.

26)     Attached as Exhibit W is a true and correct copy of a May 23, 2008 letter from Paul Tully, attorney for Biovail to Mr. Colletti.

27)     Attached as Exhibit X is a true and correct copy of a May 29, 2008 letter from Mr. Tully to Mr. Colletti.

28)     Attached as Exhibit Y is a true and correct copy of a May 16, 2008 letter from Mr. Fleming to Ms. Rao.

29)     Attached as Exhibit Z is a true and correct copy of a second May 19, 2008 letter from Ms. Rao to Mr. Fleming.

30)     Purdue and Napp produced approximately 2.3 million pages of documents to Par by January 4, 2008.  Purdue and Napp produced an additional 43,000 pages of documents to Par by January 30, 2008.

31)     On March 5, 2008, Par took the deposition of Clifford Davidson, the outside counsel who prosecuted the patents in suit.  In April, Par took the depositions of two Purdue witnesses in the United States.  During the weeks of April 21 and 28, Par took the depositions of five Napp/Mundipharma witnesses in Europe, including one ex-employee.

32)     Par has taken 17 depositions in this action to date.. All but two were taken by a single partner at Par's New York counsel, Mr. Colletti.

4

33)    Two co-inventors of the patents-in-suit who are no longer employed by Napp or Mundipharma were deposed before the agreed-upon extended fact discovery cutoff date of June 5, 2008.  These witnesses are Walter Wimmer, deposed on May 1, 2008, and Sandra Malkowska, deposed on June 3, 2008.

34)    To date, Purdue has taken 15 depositions of Par witnesses, including three Rule 30(b)(6) depositions.

I declare under penalty of perjury that the forgoing is true and correct.

Dated:  June 16, 2008

ROBERT J. GOLDMAN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2008, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Frederick L. Cottrell, III, Esquire
> Steven J. Fineman, Esquire
> RICHARDS, LAYTON & FINGER, P.A.
>
> Richard D. Kirk, Esquire
> BAYARD, P.A.
>
> Mary W. Bourke, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP

I further certify that I caused to be served copies of the foregoing document on

June 16, 2008, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Steven J. Fineman, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL*<br>*AND HAND DELIVERY* |
| Edgar H. Haug, Esquire<br>Robert E. Colletti, Esquire<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, NY  10151 | *VIA ELECTRONIC MAIL* |
| Richard D. Kirk, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL*<br>*AND HAND DELIVERY* |
| Mary W. Bourke, Esquire<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>The Nermours Building<br>1007 North Orange Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL*<br>*AND HAND DELIVERY* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II  (#3778)

EXHIBIT A



ROPES & GRAY LLP

525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    TOKYO    WASHINGTON, DC    www.ropesgray.com

May 5, 2008

Robert J. Goldman
650-617-4035
650-566-4150 fax
robert.goldman@ropesgray.com

**BY E-MAIL (CONFIRMATION BY U.S. MAIL)**

Edgar H. Haug, Esq.
Frommer Lawrence & Haug LLP
745 5th Avenue
New York, NY 10151

**Re:    Purdue v. Par**

Dear Ed:

I am writing to discuss scheduling. So far, you and I have left the day-to-day management of this case to our younger colleagues. By and large, this has worked out well enough. As things now stand, however, we are ten days from the Court-ordered fact discovery cutoff date. The first round of expert reports are due on May 30. There are a substantial number of depositions still to be scheduled and cooperation between the parties seems to be breaking down.

To try to address these issues, Purdue is preparing an e-mail motion to Judge Farnan seeking an order to compel Par to provide dates for certain witnesses within the current scheduling framework. We are also preparing a motion to compel the production of documents that Par has previously said it would produce.

One question I expect the Court to ask is whether the parties have tried to agree to a reasonable extension of fact discovery. In correspondence last month, Rob Colletti suggested a one-month extension of all fact and expert discovery dates. Sona De responded that such an extension would not be practicable because it would run discovery into the period when plaintiffs are supposed to be preparing the pre-trial order. Absent a rescheduling of the trial, that would prejudice plaintiffs. Sona asked Rob for a detailed proposal of the new schedule with this in mind for plaintiffs' consideration. Par never responded to this request.

Purdue and Napp see two possible options to help cut through the current set of disputes as to deposition dates. One proposal is to extend fact discovery by shortening the time for expert depositions. The current schedule allots six weeks for expert depositions. It doesn't seem reasonable to expect to conclude expert depositions in two weeks, so I would propose a three week extension of fact discovery, a three-week extension on the due dates for expert reports, and a three week shortening of expert depositions.

ROPES & GRAY LLP

Edgar H. Haug, Esq.                       - 2 -                        May 5, 2008

The second option would be to extend the discovery schedule, including expert depositions, and jointly ask the Court to reschedule the trial until, say, January 2009. This would be consistent with Judge Farnan's current form of scheduling order, under which expert discovery follows claim construction. It would still give the Court time to decide the case well in advance of the expiration of the 30-month ANDA stay, and still be earlier than the March 2009 trial date that plaintiffs and Par originally proposed to the Court.

I suggest that we find time to discuss this by phone before we appear on a phone conference with the Court. I am unavailable for the rest of the day today because I am traveling, but I will be in New York starting tomorrow morning.

I look forward to hearing from you.

Very truly yours,

Robert J. Goldman

RJG:lc

EXHIBIT B

# Richard Kirk

| | |
|---|---|
| **From:** | Richard Kirk |
| **Sent:** | Friday, January 11, 2008 3:00 PM |
| **To:** | 'Colletti, Robert'; Haug, Ed; Frederick L. Cottrell, III; Steven J. Fineman ; Brown, Daniel |
| **Cc:** | Sona De; Robert Goldman; Richard Inz; Rodger D. Smith; Blumenfeld, Jack; 'Mary W. Bourke' |
| **Subject:** | RE: Purdue et al v. Par et al (540572-521) |

Rob:

Thanks for your email. As you know, Biovail had concerns about producing its confidential documents in the absence of a protective order. It hoped that the parties would have agreed on a protective order by January 4, 2008, the document production date. The parties did not.

Accordingly, I told you a week ago that Biovail would produce its documents under Local Rule 26.2. I asked about the format in which you would like the documents produced and you replied that you would prefer them in electronic format with a Summation load file. Biovail promptly turned to the task of meeting that preference.

We will be in a position to produce the documents to you (in your hands) in your preferred format no later than next Friday (January 18).

Regards,

Dick Kirk

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)
(302) 655-5000 (main)
(302) 429-4208 (direct)
---------------------------------
Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
---------------------------------
This email is sent by a law firm and may contain information that is privileged or confidential. If you received it in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Colletti, Robert [mailto:RColletti@flhlaw.com]
**Sent:** Friday, January 11, 2008 10:49 AM
**To:** Richard Kirk; Mary Bourke; Sona De; Robert Goldman; Richard Inz; Rodger D. Smith; Blumenfeld, Jack
**Cc:** Haug, Ed; Frederick L. Cottrell, III; Steven J. Fineman ; Brown, Daniel
**Subject:** Purdue et al v. Par et al (540572-521)

Dear Counsel,

Despite the Court's January 4, 2008 deadline for producing documents and Biovail's own representations a week ago that documents were being produced, we have still not received Biovail's document production. As the NDA applicant and having had four months since the Rule 16 scheduling conference to collect, review, and process documents, Biovail has no reason for such a delinquent production. Please explain Biovail's failure to meet the Court ordered deadline and let us know when we can expect production of Biovail's documents. We would prefer not to approach Judge Farnan with this issue.

Plaintiffs' have delayed Par's review of documents as it prepares for depositions and submission of expert reports because of (1) Biovail's failure to produce any documents as of today, (2) the plaintiffs' overall failure to produce a single document until December 26, 2007 (despite the "rolling basis" representations of Purdue and Napp back in

September 2007), (3) the Purdue/Napp request for an extension of time until January 30, 2008 to complete its electronic document production and (4) Ortho's failure to provide a load file for its document production until today.

Please let me know if plaintiffs' have any comments regarding Par's edits/suggestions to the proposed protective order. We would like to finalize the protective order as soon as possible.

Sincerely,
Robert E. Colletti
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
tel. (212) 588-0800
fax. (212) 588-0500
rcolletti@flhlaw.com

==========================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.

6/16/2008

EXHIBIT C

**Richard Kirk**

| | |
|---|---|
| **From:** | Colletti, Robert [RColletti@flhlaw.com] |
| **Sent:** | Friday, January 11, 2008 10:49 AM |
| **To:** | Richard Kirk; Mary Bourke; Sona De; Robert Goldman; Richard Inz; Rodger D. Smith; Blumenfeld, Jack |
| **Cc:** | Haug, Ed; Frederick L. Cottrell, III; Steven J. Fineman ; Brown, Daniel |
| **Subject:** | Purdue et al v. Par et al (540572-521) |

Dear Counsel,

Despite the Court's January 4, 2008 deadline for producing documents and Biovail's own representations a week ago that documents were being produced, we have still not received Biovail's document production.  As the NDA applicant and having had four months since the Rule 16 scheduling conference to collect, review, and process documents, Biovail has no reason for such a delinquent production.  Please explain Biovail's failure to meet the Court ordered deadline and let us know when we can expect production of Biovail's documents.  We would prefer not to approach Judge Farnan with this issue.

Plaintiffs' have delayed Par's review of documents as it prepares for depositions and submission of expert reports because of (1) Biovail's failure to produce any documents as of today, (2) the plaintiffs' overall failure to produce a single document until December 26, 2007 (despite the "rolling basis" representations of Purdue and Napp back in September 2007), (3) the Purdue/Napp request for an extension of time until January 30, 2008 to complete its electronic document production and (4) Ortho's failure to provide a load file for its document production until today.

Please let me know if plaintiffs' have any comments regarding Par's edits/suggestions to the proposed protective order. We would like to finalize the protective order as soon as possible.

Sincerely,
Robert E. Colletti
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
tel. (212) 588-0800
fax. (212) 588-0500
rcolletti@flhlaw.com

============================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message.  Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.

EXHIBIT D



# BAYARD

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE • 19899
Zip Code For Deliveries 19801

RICHARD D. KIRK
302-429-4208
rkirk@bayardfirm.com

ORIGINAL BY FEDERAL EXPRESS

January 17, 2008

Robert Colletti, Esquire
Frommer Lawrence & Haug LLP
745 5th Avenue
New York, NY  10151

> Re:   Purdue/Napp et al. v. Par Pharmaceutical, Inc., et al.
>        C.A. No. 07-255(JJF), 07-414(JJF), 07-666(JJF)

Dear Rob:

I represent plaintiff Biovail Corporation ("Biovail").  In response to your client's Request for Production of Documents, I am enclosing five disks containing images and associated load files of Biovail's documents bearing production numbers BVF00000001 – BVF00488511. These documents are being produced pursuant to Local Rule 26.2 and are marked highly confidential.  They should be treated on an "outside counsel eyes only" basis.

Our vendor is burning additional sets of these disks and I will produce those sets to other counsel no later than Monday.  However, to fulfill my promise to you, I wanted these to go out today.

Very truly yours,

Richard D. Kirk

RDK/tn
Enclosures

cc:  Counsel as shown on the attached sheet

www.bayardlaw.com          Phone: (302) 655-5000          Fax: (302) 658-6395

{00710350;v1}

**SERVICE COPIES (BY EMAIL)**

Mary Bourke, Esquire
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Rodger D. Smith, II, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

Frederick L. Cottrell, III, Esquire
Steven J. Fineman, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Edgar H. Haug, Esquire
Robert E. Colletti, Esquire
Frommer, Lawrence & Haug L.L.P.
745 Fifth Avenue
New York, NY 10151

Christopher Jeffers, Esquire
Connolly Bove Lodge & Hutz, LLP
1990 M Street, N.W.
Suite 800
Washington, DC 20036

Robert Goldman, Esquire
Linda Rost, Esquire
Tom Wang, Esquire
Ropes & Gray
525 University Avenue
Suite 300
Palo Alto, CA 94301

Herbert Schwartz, Esquire
Richard Inz, Esquire
Sona De, Esquire
Ropes & Gray
1211 Avenue of the Americas
New York, NY 10036

671141-1

EXHIBIT E

| | |
|---|---|
| **From:** | Rao, Sasha |
| **Sent:** | Tuesday, May 27, 2008 5:15 PM |
| **To:** | 'Fleming, Porter' |
| **Cc:** | 'Colletti, Robert'; 'Wise, Jonathan'; 'jblumenfeld@mnat.com'; 'mbourke@cblh.com'; 'rkirk@bayardfirm.com'; 'Smith, Rodger'; 'Mark E. Freeman' |
| **Subject:** | Purdue v. Par:  Deposition scheduling and response to my May 19 letters |

Dear Porter:

Thank you for confirming today that Sabarinath Shankar's deposition will proceed on Friday, May 30.  I write to follow-up on a few outstanding discovery matters, including depositions that have not yet been scheduled because we are awaiting dates from Par.

Please provide dates for the depositions of Harish Pandya, V.S. Rao Voleti, Deepalakshmi Venkatachala and Nithya Murthy at your earliest convenience.  In addition, please let us know if Par will make Muthusamy Shanmugam and Joseph Greer available on June 5 for their depositions, as noticed.  If Par is unable to do so, please provide us dates for Messrs. Shanmugam and Greer at your earliest convenience.

Finally, I am still waiting to hear back from you on three letters sent on May 19 regarding Par's 30(b)(6) depositions, Par's document production and Par's responses to requests for admission.  I would appreciate Par's responses to those letters.

Best regards,

Sasha Rao

EXHIBIT F



ROPES & GRAY LLP

525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

May 19, 2008

Sasha G. Rao
650-617-4723
650-566-4223 fax
sasha.rao@ropesgray.com

**BY E-MAIL & FIRST CLASS MAIL**

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 5th Avenue
New York, NY 10151

*Purdue et al. v. Par*

Dear Porter:

I write to follow-up on document production issues, including documents that were identified by Par's witnesses as existing, but that we have been so far unable to locate in Par's document production.

1. *Laboratory notebooks relating to the formulation of Tramadol ER.*
Dr. Mittleberg testified that there must exist laboratory notebooks relating to the formulation of Tramadol ER. Tr. 36:2-15. So far, the only laboratory notebooks that we have been able to locate relate to dissolution and other testing of Tramadol ER, but not to the different formulations that are referred to in the various versions of the Tramadol ER Product Development Report. Moreover, although the Tramadol ER Product Development Report refers to the excipients used in ULTRAM®, we have found no laboratory notebooks associated with the testing of ULTRAM® tablets to ascertain their composition. In particular, we have seen no laboratory notebooks with the names of Sabarinath Shankar or Indranil Nandi from the formulation group at Par. Please provide these laboratory notebooks at the earliest so that we may have their benefit at the upcoming depositions of Sabarinath Shankar and other Par formulators who have yet to be deposed. If Par is unable to locate any of the formulation laboratory notebooks, please explain why they no longer exist, including whether they existed in the past and the circumstances surrounding their absence.

2. *Formulation related emails for Tramadol ER.* Dr. Mittleberg testified that there must exist emails relating to the formulation of Tramadol ER. Tr. 63:17-20. Although Par has produced emails, there are virtually no emails authored by the Par formulators discussing the formulation of Tramadol ER or ULTRAM®. Please provide these emails at the earliest so that we may have their benefit at the upcoming depositions of Sabarinath Shankar and other Par formulators who have yet to be deposed. If Par is unable to locate any additional emails relating to the formulation of Tramadol ER, please explain why they no longer exist, including whether they existed in the past and the circumstances surrounding their absence.

ROPES & GRAY LLP

Porter F. Fleming, Esq.                     - 2 -                     May 19, 2008

       3.  *Presentations related to the formulation of Tramadol ER.*  Dr. Mittleberg testified that there exist presentations relating to the formulation of Tramadol ER.  Tr. 57:24-58:7, 142:10-12.  Although we have located these presentations, the dates on these presentations have been altered in Par's document production process, as I described in my April 28 letter to Rob Colletti and my May 12 letter to Jon Wise.  Therefore, as requested in my May 12 letter to Jon Wise, please provide us with the presentations (identified by specific Bates numbers in my April 28 letter to Rob Colletti) in their native file format so that we may be able to ascertain their true dates.  For your convenience, I have the following list of Bates numbers for which we need the native files:

| Begin | End | | Begin | End |
|-------|-----|---|-------|-----|
| PAR018228 | PAR018228 | | PAR021272 | PAR021288 |
| PAR018229 | PAR018229 | | PAR021293 | PAR021310 |
| PAR018261 | PAR018264 | | PAR021374 | PAR021392 |
| PAR018292 | PAR018335 | | PAR021394 | PAR021412 |
| PAR019494 | PAR019495 | | PAR021414 | PAR021432 |
| PAR019640 | PAR019642 | | PAR022020 | PAR022041 |
| PAR019658 | PAR019662 | | PAR022187 | PAR022212 |
| PAR019664 | PAR019668 | | PAR022214 | PAR022240 |
| PAR019697 | PAR019701 | | PAR022328 | PAR022356 |
| PAR019779 | PAR019786 | | PAR024372 | PAR024422 |
| PAR019788 | PAR019795 | | PAR024428 | PAR024480 |
| PAR019874 | PAR019883 | | PAR024577 | PAR024583 |
| PAR019970 | PAR019981 | | PAR027656 | PAR027678 |
| PAR019983 | PAR019995 | | PAR030619 | PAR030733 |
| PAR020307 | PAR020311 | | PAR035394 | PAR035524 |
| PAR020314 | PAR020318 | | | |

       4.  *Production of email attachments.*  Although we have repeatedly brought up the issue of Par's failure to produce email attachments along with the associated email (see my April 28 letter to Rob Colletti and my May 12 letter to Jon Wise), Par has not yet satisfactorily addressed this issue.  There are two problems with Par's email production.  First, emails with their attachments were not produced as one single document.  Second, without knowing what attachments are associated with which emails, Plaintiffs are unable to determine whether Par has in fact produced the attachments referred to in the emails – although we have good reason to believe that some attachments have not been produced.

ROPES & GRAY LLP

Porter F. Fleming, Esq.                    - 3 -                    May 19, 2008

By way of example, I identified a specific email chain at Mr. Mittleberg's deposition that was not produced with their associated attachments, PAR0019127-130, a Par email attaching a Par Research Tax Credit Questionnaire on Tramadol ER (that was produced as a separate document at Bates range PAR19131-139) and referring to other PDF attachments. Par's witnesses have been unable to associate the email and the questionnaire with its attachments. In particular, Dr. Nandi had no memory of the email or its attachment, nor of any of the individuals listed on the emails. Tr. 254: 21-266:23. Par's 30(b)(6) witness, Dr. Mittleberg, did not know whether Par filed for a Research Tax Credit. Tr. 197:13-16; 203:12-203:21. Par's witness Mr. Shah could not say whether the Questionnaire produced at PAR19131-139, was in fact the attachment to the email produced at PAR0019127-130. Tr. 189:22-190:21. And, counsel for Par would not stipulate that the questionnaire produced at PAR19131-139, was in fact the attachment to the email. Tr. 205:20-207:3.

Under the circumstances, Plaintiffs must insist that Par produce the following emails, identified by its Bates number, with their associated attachments at your earliest convenience, or provide a stipulation associating the correct attachment to emails identified below:

| BEG. BATES NO. | BEG. BATES NO. | BEG. BATES NO. |
| --- | --- | --- |
| PAR017227 | PAR031752 | PAR039580 |
| PAR017294 | PAR031861 | PAR039735 |
| PAR018275 | PAR033517 | PAR040691[*] |
| PAR018696 | PAR035542 | PAR040963 |
| PAR018751 | PAR035590 | PAR041296 |
| PAR019127 | PAR035969 | PAR041327 |
| PAR022070 | PAR036552 | PAR042867 |
| PAR022668 | PAR037229 | PAR042911 |
| PAR023100 | PAR037892 | PAR043408 |
| PAR023152 | PAR037895 | PAR043572 |
| PAR023797 | PAR038946 | PAR044710 |
| PAR024715 | PAR038949 | PAR044712 |
| PAR025422 | PAR039173 | PAR044714 |
| PAR026655 | PAR039247 | PAR044961 |
| PAR027346 | PAR039316 | PAR045094 |
| PAR028770 | PAR039356 | |
| PAR031729 | PAR039545 | |

[*] This email was produced with some, but not all of its attachments.

5. *Documents related to Par's Research Tax Credit for Tramadol ER.* As previously requested in April 28 and May 12 letters, please produce the documents associated with Par's research tax credit request associated with Tramadol ER. Par's corporate witness, Dr. Mittleberg, testified about the documents that would be provided from various departments

ROPES & GRAY LLP

Porter F. Fleming, Esq.                    - 4 -                    May 19, 2008

at Par to Par's consultants in connection with seeking a research tax credit. Tr. 199:18-202:13. The head of Par's formulations group, Shailesh Shah, testified about PDF files received by him from KPMG before his group provided information relating to the research tax credit. Tr. 193:6-196:9. Finally, there must exist Par's tax returns, the package of information associated with Par's claim of research tax credit for Tramadol ER, and more than one email between Par and KPMG relating to the same. Please provide these documents in advance of Par's 30(b)(6) deposition on financial topics during which we intend to question Par's corporate witness about these issues.

        6. *Telephone log records of Par's conversations with the FDA.* Par's 30(b)(6) witness on regulatory topics, Ms. Bonomi, testified that Par maintains a log of telephonic conversations with the FDA and an FDA correspondence folder or binder. Tr. 122:3-123:17; 28:13-18. We have been unable to locate any such documents in Par's production. Please produce these documents at your earliest convenience.

        7. *Documents underlying Par's Paragraph IV certifications to the FDA.* We have been unable to locate any collection of documents in Par's production that we would expect to be associated with and underlie Par's Paragraph IV certifications to the FDA. To begin with, we have been unable to locate a single copy of the '887 patent-in-suit in Par's production. Neither have we been able locate copies of any of the references relied on in Par's Paragraph IV certifications in its production. In particular, we have been unable to locate any English translations of the German DE 4329794 reference (PX124) in Par's production. To the extent that Par intends to rely on an English translation of this reference in this case, please provide it to us at your earliest convenience. Finally, we have been unable to locate any documents that would associate any dissolution data or test results (such as emails, etc.) with the factual statements underlying Par's Paragraph IV certifications.

        Plaintiffs have identified documents and attachments that Par has requested after their depositions, such as those identified in Kelly Baxter's April 24 and May 7 letters to Rob Colletti; we ask that Par do the same regarding its production.

                            Very truly yours,

                            Sasha G. Rao

SGR:jmi
cc:     Robert Colletti
        Jonathan Wise
        Mary Bourke
        Richard Kirk
        Jack Blumenfeld

EXHIBIT G

Hearing 9/6/2007 4:10:00 PM

1      IN THE UNITED STATES DISTRICT COURT        FOR THE DISTRICT OF DEl

2    PURDUE PHARMA PRODUCTS, L.P.,)

3    NAPP PHARMACEUTICAL GROUP,  )LTD., BIOVAIL LABORATORIES  )

4    INTERNATIONAL, SRL, and    )ORTHO-MCNEIL, INC.,     )

5                 ) Civil Action      Plaintiffs,    ) No. 07-255-JJF

6                 ) No. 07-414-JJFv.              )

7                 )PAR PHARMACEUTICAL, INC., and)

8    PAR PHARMACEUTICAL COMPANIES,)INC.,                )

9                 )      Defendants.    )

10

11        United States District Court        866 King Street - Fourth Floor

12        Wilmington, Delaware

13        Thursday, September 6, 2007

14        4:10 p.m.

15    BEFORE: THE HONORABLE JOSEPH J. FARNAN, JR.

16      United States District Judge

17    APPEARANCES:

18    Plaintiffs:

19        ROBERT J. GOLDMAN, ESQ.        RODGER DALLERY SMITH, II, ESQ.

20        MARY W. BOURKE, ESQ.        RICHARD D. KIRK, ESQ.

21    Defendants:

22        FREDERICK L. COTTRELL, III, ESQ.        STEVEN J. FINEMAN, ESQ.

23        EDWARD HAUG, ESQ.        ROBERT E. COLLETTI, ESQ.

24        For the Defendants

1          THE COURT:  All right, be seated.

2     Good afternoon.

3          MR. SMITH:  Rodger Smith from

4     Morris Nichols on behalf of Plaintiffs, Purdue

5     Pharma and Napp Pharmaceutical.  With me on behalf

6     of those two plaintiffs today is Bob Goldman and

7     Sona Dee from Groves and Grey in New York.  On

8     behalf of Ortho-McNeil Mary Bourke from Connolly

9     Bove and on behalf of Biovail Dave Kirk from the

10    Bayard Firm.

11         THE COURT:  Good afternoon.

12         MR. COTTRELL:  Good afternoon, Your

13    Honor.  Fred Cottrell for the Par defendants and

14    from my office Steve Fineman.  My co-counsel from

15    Frommer Lawrence & Haug in New York, Ed Haug and

16    Rob Colletti.  You may recall Mr. Haug and I were

17    last in front of Your Honor I think in the

18    Rational-Cooking (phonetic) case which Your Honor

19    dismissed yesterday, so we've taken one away and

20    we're here for another one.

21         THE COURT:  Just keep that clock

22    going.

23         MR. COTTRELL:  Thank you, Your

24    Honor.

Purdue v. Par                                                          Page 2

1           THE COURT:  So tell me what you

2    have been talking about with each other, what

3    you're thinking?

4           MR. GOLDMAN:  Good afternoon, Your

5    Honor.  We have some good news and some bad news.

6    The parties have been able to agree about ready

7    for trial dates and dispositive motions dates and

8    just about everything that affects the Court.

9           Then there is a disagreement about

10   some of the timing of some of the interim events

11   during discovery.  When fact discovery will cut

12   off and when documents need to be produced.

13          And really it's the document

14   production piece that is driving the dispute

15   between the parties.  What the case is about is a

16   patent involving work that was done in Europe and

17   European inventors. And we have been trying pretty

18   much since the lawsuit began to identify and

19   collect the documents and interview the witnesses

20   and so on and so forth.

21          The work was done back in the mid

22   nineties and so when my partner Ms. Dee took her

23   squad over to England and Germany this summer to

24   interview the witnesses we found that a lot of the

1     documents are archived.  So not only do we have to

2     go find the witnesses but we have to dig them out

3     of archives and identify them and so on.

4          So when it came time to negotiate

5     the dates for the pretrial schedule we proposed

6     that documents be produced by the beginning of

7     February. That was the reason for our proposal and

8     all the other dates followed from that.  The

9     defendants for reasons that they explained in the

10    pretrial order believe that documents should be

11    produced by the end of November.  And although we

12    hear them and we understand why they would like

13    the documents earlier, we have been working at

14    this diligently and we don't believe that it's

15    practical.

16         So we basically agreed to disagree

17    about those dates and those are the dates we

18    proposed alternative schedules and that's why

19    we're here today.

20         THE COURT:  All right.

21         MR. HAUG:   Good afternoon, Your

22    Honor. I think Mr. Goldman is correct largely and

23    certainly correct in what our dispute is.  From

24    our point of view as the defendants they knew

EXHIBIT H



**ROPES & GRAY LLP**

1211 AVENUE OF THE AMERICAS    NEW YORK, NY 10036-8704    212-596-9000    F 212-596-9090

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    TOKYO    WASHINGTON, DC    www.ropesgray.com

December 19, 2007

Sona De
212-596-9050
sona.de@ropesgray.com

Rob Colletti, Esq.
Frommer Lawrence & Haug LLP
745 5th Avenue
New York, NY 10151

*Purdue/Napp et al. v. Par Pharmaceutical, Inc. et al.*
C.A. No. 07-255 (JJF), C.A. 07-414 (JJF), C.A. No. 07-666 (JJF)

Dear Rob:

I write to follow up on my voicemail of December 12 and our phone conversation of last night regarding the proposed protective order and production of documents in this case.

**Proposed Protective Order**

We discussed the draft Protective Order I had sent you on November 7 via electronic mail for your review (I had also sent a second e-mail and left a voicemail for you reminding you about the draft Protective Order on November 29 and on December 12, respectively). During our phone call last night, I informed you that the draft Protective Order was proposed by all Plaintiffs in this case. You informed me that Par is working on its edits to the proposed Protective Order, and will be getting back to us shortly.

We also discussed that with the January 4 deadline approaching, we do not want to hold up processing the documents we have collected and reviewed for production any longer. Based on our prior discussion that a two tier Protective Order is needed and our discussion last night that the edits Par has do not alter this two tier approach, we will go ahead and label the documents according to the two tiers of confidentiality set forth in the draft Protective Order. That way, once the two tier Protective Order is entered, Purdue and Napp will not need to re-classify and mark documents and Par will not have to return any CDs of documents that are produced and can simply treat these documents according to the Protective Order going forward. You agreed to accept this production on the condition that any documents marked "Confidential" or "Highly Confidential" shall be treated on an outside-litigation-counsel-of-record-eyes-only basis until the Protective Order has been entered.

Rob Colletti, Esq.                       - 2 -                       December 19, 2007

**Document Production**

As we discussed, in response to Par's document requests, we have collected documents for review towards production from the following sources:

- paper documents from Purdue in the U.S. (including, but not limited to, correspondence with the FDA and marketing documents);

- paper documents from Napp in the U.K. (including, but not limited to, documentation of the development work in the U.K. such as laboratory notebooks and R&D meeting minutes);

- paper documents from third-party Mundipharma in Germany (including, but not limited to, documentation of the development work in Germany such as laboratory notebooks and R&D meeting minutes);

- electronic documents from Purdue in the U.S. (including e-mails and shared files).

We will timely produce the documents from the above sources subject to our objections by the January 4 deadline. This constitutes all paper and electronic documents from Purdue, and all paper documents from Napp and third-party Mundipharma. For ease of identification, documents from Purdue will bear the prefix "PUR", documents from Napp will bear the prefix "NAPP", and documents from third-party Mundipharma will bear the prefix "MUND".

As I stated during our call, we have worked to collect electronic documents from Napp and third-party Mundipharma, but have encountered both technical difficulties and legal issues in the process. This constitutes about 165,000 e-mails and shared files, which still need to be reviewed for privilege and production. While we will continue to use our best efforts to get these documents for Par, we will require some additional time to do so and request an extension to the end of January to complete production of these files.

Many of these electronic documents appear to be of marginal relevance, at best. As we have mentioned in our prior correspondence, most of Napp's documents related to the development of tramadol CR are from the early to mid-90's and exist in the paper files. The same is true for third-party Mundipharma documents. Moreover, many of the electronic documents are unlikely to have any relevance to the development of tramadol CR as e-mail archive systems only date back to the years when these archive systems were installed – 2003 in the UK and 2004 in Germany – and the shared drive in Germany dates back to 1999. In addition, several of the Napp inventors (i.e., Malkowska, Miller, and Leslie) have no e-mails in this database because they left the company before the archive was in place.

Rob Colletti, Esq.                     - 3 -                     December 19, 2007

As I told you on the phone, we have run into numerous, unanticipated technical problems in trying to access the archives. We ultimately solved these problems, after several phone conferences between Purdue in-house IT specialists and IT personnel at Napp and third-party Mundipharma, followed by two separate trips overseas by Purdue in-house IT specialists to assist with trouble-shooting, running searches, and collecting these files. All of this took time. In addition, because the foreign privacy laws prohibit exportation of any documents unrelated to this litigation, we could not simply bring this data back to the U.S. for review. Instead, these e-mails had to first be indexed by text so that they could be searched for tramadol related documents while still in the U.K and Germany. The results then had to be exported into separate files. That part of the process is underway and is expected to finish by this week. Once that is done, we need sign-off from Napp and third-party Mundipharma's legal departments confirming that we have complied with the foreign privacy laws before the documents can be legally sent to the U.S. The same is required for shared files from Napp and third-party Mundipharma.

Once these overseas electronic documents arrive in the U.S., they will be loaded on our database, reviewed for privilege, and processed for production. Given the numerous difficulties in obtaining these electronic documents, followed by additional time required for review and processing in the U.S., it will take until the end of January to complete production of these electronic documents. The above efforts ultimately saved Par from having to go through the Hague convention to obtain these documents and will allow Par to get the documents in significantly shorter time even with the extension.

Moreover, this limited production delay should not impact the parties' ability to proceed with scheduling of depositions of any U.S. witnesses in this case. All Purdue documents (both paper and electronic) will be produced by January 4. The parties can also proceed with scheduling of depositions of any former Napp employees who left the company before the e-mail archive went into place in 2003. Indeed, given that the relevant development work leading to the patent-in-suit took place in the early to mid-90s, there really is no reason for the parties to hold up scheduling any inventor depositions for these electronic documents.

As I stated, given that it is impossible for us to meet the January 4 deadline due to the technical and legal obstacles we encountered in collecting the overseas electronic documents, we would like to bring this to the Court's attention this week. And we hope we can do so with Par's cooperation. If Par nevertheless objects to this extension, we will seek relief on our own. You told me that you needed some time to consider this information in order to determine which

Rob Colletti, Esq.                    - 4 -                    December 19, 2007

course to take.  Please let us know by tomorrow, Thursday, December 20, as to how you would like to proceed.

Sincerely,

Sona De

cc:    Edgar H. Haug, Esq.
       Frederick L. Cottrell, III, Esq.
       Jack B. Blumenfeld, Esq.
       Mary W. Bourke, Esq.
       Richard D. Kirk, Esq.
SD:sjw

EXHIBIT I

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

WEB www.cblh.com

Christopher E. Jeffers, Ph.D.
Attorney at Law

TEL (202) 572-0320
FAX (202) 293-6229
EMAIL cjeffers@cblh.com
REPLY TO Washington Office

January 2, 2008

**VIA FEDERAL EXPRESS**
Robert E. Colletti, Esquire
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re:   **Purdue Pharma, et. al. vs. PAR Pharmaceutical, et. al.**
      **_(Ultram ER ANDA litigation) Our File number 15129*1_**

Dear Robert,

    Please find enclosed a CD containing copies of Ortho-McNeil, Inc.'s documents bearing production numbers OMP00475006 – OMP00482167.  Until a Protective Order is entered by the Court, these documents are to be treated on an "Outside Counsel Eyes Only" basis.

                                        Best regards,

                                        Christopher E. Jeffers, Ph.D.
                                        Attorney at Law

Enclsoure
cc:    Frederick L. Cottrell, Esq. (w/o enclosure)

71145dc

EXHIBIT J

ROPES & GRAY LLP

April 4, 2008

Sona De
212-596-9050
646-728-2650 fax
sona.de@ropesgray.com

**BY E-MAIL (CONF. BY MAIL)**

Robert E. Colletti, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re: <em>Purdue et al. v. Par Pharmaceutical et al.</em>

Dear Rob:

I write to follow up on our telephone conversation of March 28 and conversation yesterday, and respond to your March 31 e-mail and April 2 letter regarding depositions.

**Depositions of Purdue/Napp/Third-Party Mundipharma Witnesses**

At Par's request, Purdue and Napp have made all of their foreign witnesses available for deposition before the May 15 discovery fact discovery cut-off. So far, Par has confirmed the deposition dates for Drs. Malkowska, Miller, Smith, Winkler, and Wimmer. However, Par has indicated that it does not want to depose Drs. Leslie and Prater on either the dates or at the locations we had originally proposed, and does not want to depose Messrs Milnes or Bashforth at this time.

During our telephone conversation regarding the deposition schedule, you asked to move some of the remaining dates around to make things more convenient for Par's attorneys in terms of travel. But, as I explained, several of these witnesses have very limited availability. Many are no longer Napp employees, and the rest have other business commitments. While these dates may not be convenient to the attorneys, what is important here is convenience to the witnesses. Ultimately, this schedule that Purdue/Napp have proposed is considerably more convenient to Par than having to go through the Hague convention to obtain testimony from these witnesses.

Nevertheless, we have made further inquiries regarding the availability of the remaining witnesses to see if we can accommodate Par's requests. As you asked, we have moved Dr. Smith's deposition from April 24 to April 25. You had said that you were willing to depose witnesses on the weekend and did not want to go back to London on May 2 to depose Dr. Prater. Accordingly, Dr. Prater has agreed to make himself available on Saturday April 26 in

Robert E. Colletti, Esq.                    - 2 -                    April 4, 2008

London for his deposition.  As I told you yesterday, due to travel commitments, Dr. Leslie's next availability will not be until late in the week of May 19 and asked whether, in light of this, you were certain you did not want to proceed with his deposition on April 18th as we had originally proposed.  You confirmed that you did not want to proceed with Dr. Leslie on April 18th.  You also asked to schedule all the German witnesses the same week.  As I mentioned yesterday, Dr. Hahn is available on April 29 and 30.  The schedule is now as follows:

April 22: Dr. Malkowska in London
April 23: Dr. Miller in London
April 25: Dr. Smith in London
April 26: Dr. Prater in London
April 29 and 30: Dr. Winkler in Frankfurt
April 29 and 30: Dr. Hahn in Frankfurt
May 1 and 2: Dr. Wimmer in Frankfurt

Although Messrs Milnes and Bashforth are available prior to the May 15 fact discovery cut-off, you stated that Par does not want to depose these witnesses until after the Court rules on Par's motion to compel production of additional documents relating to foreign opposition and litigation proceedings.  Purdue/Napp believes that these depositions should go forward, subject to being re-opened if Par's motion results in additional documents being produced.  If the Court denies Par's motion, no further examination will be needed.

We will get back to you regarding Mr. Davidson's availability for further deposition on the limited topic of the '430 patent and its prosecution.

**Depositions of Par Witnesses**

        With respect to our 30(b)(6) deposition notices of Par for April 9 and 11, you have indicated that those dates will not go forward but have provided no alternate dates.  It is imperative that these depositions move forward promptly to give Plaintiffs adequate time to notice and conduct any follow up depositions.

        With regard to your question on the number of 30(b)(6) depositions, you indicated yesterday that Fed. R. Civ. P. 30 may be read to limit that number.  The Court's Rule 16 Scheduling Order, however, simply limits each side to 144 hours of deposition time including 30(b)(6) depositions (*see* ¶3(c)).  Purdue/Napp do not believe there is any limit as to how many of those hours will be directed to 30(b)(6) topics as authorized by the Court.

        Please let us know who Par's witnesses will be for these 30(b)(6) Notices and their availability by Monday.

Robert E. Colletti, Esq.                        - 3 -                        April 4, 2008

**Par's Request To Extend The Case Schedule**

During our call, you suggested extending all remaining dates in the case schedule by a month, starting with the fact discovery cut-off date on through expert discovery. This is unacceptable to Purdue/Napp because it would severely prejudice our ability to prepare for trial.

Par pressed for an expedited schedule in this case, and the Court scheduled trial in November 2008. Working back from that date, the parties agreed to a schedule for discovery, Markman and pre-trial. That agreed-upon schedule was ordered by the Court on October 10, 2007. The fact discovery cut-off is May 15, 2008. Expert discovery is due to close on August 15 and the Pre-trial Conference is on October 16. This is already a tight schedule. In order to make it work, Purdue, Napp and third-party Mundipharma have made 14 witnesses – including overseas witnesses, third-party witnesses, and former employees – available for deposition within the current fact discovery period.

We understand that Par now proposes to extend fact discovery until June 15 and expert discovery until September 15. This ignores, however, the time and effort necessary to prepare the pre-trial order under L.R. 16.3. Extending the schedule by a month such that expert discovery does not close until September 15 will require all parties to prepare submissions and motions in limine in the midst of expert depositions.

Given the tight discovery and pre-trial schedule already in place, the only sensible way to extend any of the discovery cut-off dates would be to ask the Court to reset the pre-trial and trial dates. If Par is not willing to seek an adjournment, it should reconsider the scope of its discovery requests. In our view, if we are late, it is because Par is seeking discovery beyond reason.

In December 2007, when Purdue/Napp requested an extension of time to produce foreign electronic documents, you conditioned your agreement to that extension on our stipulation that we would not ask for any further extensions to the schedule. Given this history, if Par now wants to extend the schedule, it is Par who needs to move the Court for that extension under L.R. 16-4.

With all that in mind, please send me a detailed proposal of the new schedule Par seeks for review. We will consider it with our client and co-plaintiffs and respond promptly.

Sincerely,

Sona De

Robert E. Colletti, Esq.                    - 4 -                         April 4, 2008

Cc:     Robert Goldman
        Mary Bourke
        Richard Kirk
        Jack Blumenfeld

EXHIBIT K

| From: | Colletti, Robert [RColletti@flhlaw.com] |
| Sent: | Monday, April 07, 2008 3:03 PM |
| To: | De, Sona |
| Cc: | Goldman, Robert J.; Inz, Richard A.; Fineman, Steven; cottrell@rlf.com; Haug, Ed; rkirk@bayardfirm.com; rsmith@mnat.com; Blumenfeld, Jack; MBourke@cblh.com; Christopher E. Jeffers |
| Subject: | Deposition Schedule (540572-521) |

Case 1:07-cv-00333-SLR Document 167-2     Filed 06/16/2008     Page 37 of 88

Sona,

We confirm the schedule for the depositions of Drs. Malkowska, Miller, Smith, Prater, Winkler, Hahn, and Wimmer as set forth in your April 4 letter. Due to the double tracking of depositions on April 29 in Germany, however, we are not able to proceed with Dr. Goldenheim's
deposition in Boston on the same day.

The depositions in London will be at the offices of SJ Berwin LLP located at 10 Queen Street Place in London EC4R 1BE.  We will forward the address for the depositions in Frankfurt once we have a location confirmed.

Sincerely,
Rob

-----Original Message-----
From: De, Sona [mailto:Sona.De@ropesgray.com]
Sent: Friday, April 04, 2008 7:20 PM
To: Colletti, Robert
Cc: Goldman, Robert J.; Inz, Richard A.; Fineman, Steven; cottrell@rlf.com; Haug, Ed;
rkirk@bayardfirm.com; rsmith@mnat.com; Blumenfeld, Jack; MBourke@cblh.com
Subject: FW: Scanned document

Dear Rob,

Please see the attached letter.

Thanks,
Sona

Sona De
ROPES & GRAY LLP
T 212-596-9050 | F 646-728-2650
1211 Avenue of the Americas
New York, NY 10036-8704
sona.de@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S.
tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

============================================
This message originates from the law firm of Frommer Lawrence and Haug LLP.  It contains information that may be confidential or privileged and is intended only for the individual or entity named above.  No one else may disclose, copy, distribute, or use the contents of

this message. Unauthorized use, dissemination, and duplication is strictly prohibited, and may be unlawful.  All personal messages express views solely of the sender, which are not to be attributed to Frommer Lawrence and Haug LLP, and may not be copied or distributed without this disclaimer.  If you receive this message in error, please notify us immediately at firm@flhlaw.com or call (212) 588-0800.

EXHIBIT L

**FLH** **FROMMER LAWRENCE & HAUG** LLP

New York                     www.flhlaw.com
745 Fifth Avenue
New York, NY 10151           Washington, DC
Telephone: (212) 588-0800    Tokyo
Fax: (212) 588-0500

April 22, 2008

Robert E. Colletti
rcolletti@flhlaw.com

**VIA ELECTRONIC MAIL**
**AND FIRST CLASS MAIL**

Sona De, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036

Re:    *Purdue et al. v. Par Pharmaceutical et al.*
        FLH Reference No. 540572-521

Dear Sona:

We accept the following dates for depositions in New York:

|          |              |
|----------|--------------|
| May 7    | R. Paradiso  |
| May 13   | C. Davidson  |
| May 14   | S. Bashforth |
| May 15   | R. Milnes    |

Given that on May 13 we will be deposing Mr. Davidson and arguing our motion to compel Grunenthal USA in the Southern District of New York and Dr. Sackler has a commitment that prevents him from testifying beyond 4:00 p.m. on that day, please propose another date.

Regarding the Milnes and Bashforth depositions, we are proceeding with the understanding that if Judge Farnan grants our motion to compel at the oral argument on May 9, we will not proceed until the documents are produced. If there is no ruling before the depositions, we will proceed with the understanding that Messrs. Bashforth and Milnes will make themselves available for further deposition testimony if Judge Farnan later grants our motion.

Regarding the Malkowska, Miller and Leslie depositions, which we are informed must go forward in London, we propose proceeding the week of June 9. As you know, Dr. Malkowska

Sona De, Esq.
April 22, 2008
Page 2

has committed to appear for a deposition that week on June 11.  Please confirm that Drs. Leslie and Miller can also be available that week.

Sincerely,

*Robert E. Colletti*

Robert E. Colletti

cc:     Robert J. Goldman, Esq. (via e-mail only)
        Mary W. Bourke, Esq. (via e-mail only)
        Richard D. Kirk, Esq. (via e-mail only)
        Frederick L. Cottrell, Esq. (via e-mail only)

# EXHIBIT M



ROPES & GRAY LLP

525 UNIVERSITY AVENUE     SUITE 300     PALO ALTO, CA 94301-1917     650-617-4000     F 650-617-4090

BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     TOKYO     WASHINGTON, DC     www.ropesgray.com

Sasha G. Rao
650-617-4723
650-566-4223 fax
sasha.rao@ropesgray.com

April 28, 2008

**BY E-MAIL & FIRST CLASS MAIL**

Jonathan R. Wise, Esq.
Frommer Lawrence & Haug LLP
745 5th Avenue
New York, NY 10151

*Purdue et al. v. Par*

Dear Jonathan:

　　　　　I write in response to your letter to Sona De sent this morning cancelling Mr. Shankar's deposition that Plaintiffs had planned to take on Wednesday this week.  Given my April 24th letter to Rob Colletti stating that "[w]e are in the process of preparing for the upcoming depositions of Par's witnesses starting next week," we are extremely surprised at your last minute cancellation of this deposition.  Mr. Shankar's sudden unavailability, without explanation, is disappointing in view of the May 15 deadline for close of fact discovery and the May 30 deadline for opening expert reports.  We expect Par will make Mr. Shankar available as soon as practicable – preferably next week, well before the May 15 fact discovery close.

　　　　　In addition, please let us know what dates you will be offering for Harish Pandya and Kala Patel.  We expect Par to offer these witnesses well before the May 15 fact discovery close – preferably next week.

　　　　　If Par does not intend to offer these previously noticed witnesses (Shankar, Pandya and Patel) before May 15, please let us know by the end of the day, Wednesday, April 30.

　　　　　Please also let us know by May 6, 2008 the identity of the witness for Rule 30(b)(6) Regulatory Topics 15-18 confirmed for May 13, 2008.

　　　　　To avoid any further confusion, please be advised that Plaintiffs will proceed with the remaining Par witnesses on the following dates that we have already confirmed:

ROPES & GRAY LLP

Jonathan R. Wise, Esq.                    - 2 -                    April 28, 2008

|   |   |
|---|---|
| May 7, 2008 | Serge Gaspard |
| May 9, 2008 | Indranil Nandi |
| May 13, 2008 | Rule 30(b)(6) -- Regulatory Topics 15-18 |
| May 15 and 16, 2008 | Eric Mittleberg -- Individual and all remaining Rule 30(b)(6) Topics |

Finally, please be advised that we will be sending out deposition notices for additional Par witnesses later today, including: Michelle Bonomi, Paul Campanelli, Donna Carluccio, Alfred Elvin, Oscar Fishkis, Chad Gassert, Joshua Joseph, Nithya Murthy, and Deepalakshmi Venkatachala. As most of these witnesses were identified in Par's initial disclosures, we would appreciate an early scheduling of their depositions.

Very truly yours,

Sasha G. Rao

SR:hh

cc:     Mary Bourke
        Richard Kirk
        Jack Blumenfeld

EXHIBIT N

**From:** Fleming, Porter [mailto:PFleming@flhlaw.com]
**Sent:** Monday, May 12, 2008 6:04 PM
**To:** Rao, Sasha
**Cc:** Colletti, Robert; Wise, Jonathan; jblumenfeld@mnat.com; rkirk@bayardlaw.com; mbourke@cblh.com; Smith, Rodger; Cottrell@RLF.com
**Subject:** Revised Stipulation (Purdue v. Par)

Sasha -- Please see our proposed revised stipulation.  Porter

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York
Tel: 212-588-0800
Fax: 212-588-0500
pfleming@FLHlaw.com

=========================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.

6/16/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PURDUE PHARMA PRODUCTS L.P., NAPP PHARMACEUTICAL GROUP LTD., BIOVAIL LABORATORIES INTERNATIONAL SRL, and ORTHO-MCNEIL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC., <br><br> Defendants. | C.A. No. 07-255 (JJF) (CONSOLIDATED) |

## STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties, subject to the approval of the Court, that: (1) the deadline for completing fact discovery is extended until June 5, 2008; provided however, that all depositions noticed prior to May 23, 2008 shall be taken notwithstanding the June 5, 2008 deadline and that all parties can continue to attempt to resolve any discovery disputes that have arisen prior to May 23, 2008 notwithstanding the June 5, 2008 deadline; (2) the deadline for submitting expert reports on issues on which a party bears the burden of proof is extended until June 20, 2008; and (3) the deadline for submitting rebuttal expert reports is extended until July 22, 2008. All other dates in the Rule 16 Scheduling Order (D.I. 23) remain unchanged.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP    RICHARDS, LAYTON & FINGER, P.A.

---

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs*
  *Purdue Pharma Products L.P.*
  *and Napp Pharmaceutical Group Ltd.*

THE BAYARD FIRM

---

Richard D. Kirk (#922)
222 Delaware Avenue
Suite 900
Wilmington, DE  19801
rkirk@bayardfirm.com
*Attorneys for Plaintiff*
  *Biovail Laboratories International SRL*

CONNOLLY BOVE LODGE & HUTZ LLP

---

Mary W. Bourke (#2356)
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
mbourke@cblh.com
*Attorneys for Plaintiff*
  *Ortho-McNeil, Inc.*

---

Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
One Rodney Square
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
fineman@rlf.com

*Attorneys for Defendants*
  *Par Pharmaceutical Companies, Inc.*
  *and Par Pharmaceutical, Inc.*

SO ORDERED this __ day of _____, 2008.

---

Judge Joseph J. Farnan
United States District Court Judge

EXHIBIT O

| From: | Goldman, Robert J. |
|---|---|
| Sent: | Friday, May 09, 2008 2:08 PM |
| To: | 'Colletti, Robert' |
| Cc: | 'Mary W. Bourke'; 'Christopher E. Jeffers'; tully@mbhb.com; 'barkoff@mbhb.com' |
| Subject: | Purdue et al v Par:  Deposition scheduling of Purdue/Napp witnesses |

Rob:

This is in response to your May 8 e-mail about deposition scheduling.

As I understand matters, the following dates are agreed for Purdue/Napp witnesses:

May 13:    Davidson

May 14:    Bashforth

May 15:    Milnes

June 3:    Malkowska (London).

With respect to the scope of Mr. Davidson's deposition, whether or not there is a "7-hour rule," Par closed the Davidson deposition in March.  The only reason that Par is getting any additional time with Mr. Davidson is because Purdue added the '430 patent to the lawsuit.  The fact that Par added claims of inequitable conduct relating to the '887 patent does not entitle Par to re-open Mr. Davidson's deposition or the deposition of any other witness with respect to topics that could have been addressed at the earlier deposition.

With respect to Dr. Sackler, the only other day that he is available before the discovery cut-off is Monday, June 2.

Your note said that Par is not prepared to proceed with the Rule 30(b)(6) deposition of Napp or Purdue next week.  Mr. Bashforth, who will be here from the UK, is Napp's designated witness on several of the topics, relating to marketing and financial matters at Napp.  Having brought him here from the UK, and having given Par substantial notice that he would be Napp's designee on those topics, Napp will not schedule another day of his deposition. I suggest that Par try to deal with those topics on the 14th.

With respect to the other Purdue Rule 30(b)(6) witnesses, we can offer the following dates:

Strassburger:  May 23 or May 28

Innaurato:  May 30, June 3

I understand that Ms. Chinta has written to you with respect to dates for Dr. Prater.

Finally, with respect to Drs, Miller and Leslie, as we have told you, they are both former employees, both retired.  Napp has no control over either.  Napp agreed to try to make them available for deposition as an accommodation to Par, because doing so would certainly be easier than Par proceeding down the path of letters rogatory.  We have been successful in that regard with Ms. Malkowska, who is also a former employee.  That said, we are trying to contact both Dr. Leslie and Dr. Miller to determine their availability, so far with out success.  We are continuing to try.

Regards,

Bob

1

EXHIBIT P

**From:** Colletti, Robert [mailto:RColetti@flnlaw.com]
**Sent:** Friday, June 06, 2008 3:47 PM
**To:** Goldman, Robert J.
**Cc:** mbourke@cblh.com; Richard Kirk; tully@mbhb.com; barkoff@mbhb.com
**Subject:** RE: Purdue v. Par: deposition scheduling (540572-521)

Bob,
We accept the July 8 date for the deposition of Dr. Miller in London. Unfortunately, we cannot accept the dates proposed for Mr. Strassburger next week.
Regards,
Rob

---

**From:** Goldman, Robert J. [mailto:Robert.Goldman@ropesgray.com]
**Sent:** Friday, June 06, 2008 6:19 PM
**To:** Colletti, Robert
**Cc:** mbourke@cblh.com; Richard Kirk; tully@mbhb.com; barkoff@mbhb.com
**Subject:** Purdue v. Par: deposition scheduling

Rob:

Having not received a response to my June 3 e-mail, Purdue assumes that we are not going forward with the deposition of Mr. Strassburger next week.

Please let me know whether Par accepts the date for Dr. Miller (July 8 in London).

Regards,

Bob

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

6/16/2008



This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

```
==========================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.
```

EXHIBIT Q

| From: | Goldman, Robert J. |
| --- | --- |
| Sent: | Case 1:07-cv-00665-Filed 06/16/2008 Document 167-2 Page 55 of 88 |
| To: | 'Colletti, Robert' |
| Cc: | 'Smith, Rodger'; 'mbourke@cblh.com'; 'Christopher E. Jeffers'; 'rkirk@bayardfirm.com'; tully@mbhb.com; 'Cottrell, Frederick'; 'Fineman, Steven'; 'Haug, Ed' |
| Subject: | Purdue v. Par:  Deposition scheduling |

Rob:

Further to my May 23 e-mail, I can offer you the following witnesses and dates:

June 5:  Cowcher (in London)
July 10:  Leslie (in Cambridge England).

As I told you, Mr. Leslie has knee-replacement surgery scheduled for June 5.  My understanding is that he is under doctor's orders to take it easy between now and then, and not to do anything demanding after the surgery until early July. Because he will still be on crutches in early July, I suggest that we arrange for the deposition in Cambridge, to spare him the need to travel to London.

We are still trying to contact Dr. Miller to arrange for a date for his deposition.  I assume that you would prefer this to be close to the date of the Leslie deposition if possible.

With respect to Dr. Reder, we have contacted him through his current employer, Endo.  The subpoena date, May 30, is not feasible for him or Endo.  They will get back to us with other dates, which may or may not be before the fact discovery cutoff.  Please let me know promptly whether we or Endo need to move to quash the subpoena.

Regards,

Bob

1

EXHIBIT R

**From:** De, Sona
**Sent:** Wednesday, March 26, 2008 6:04 PM
**To:** 'Colletti, Robert'
**Cc:** Goldman, Robert J.; Inz, Richard A.; Haug, Ed; Fineman, Steven; rkirk@bayardfirm.com; MBourke@cblh.com; 'Christopher E. Jeffers'
**Subject:** RE: Deposition Dates (540572-521)

Rob,

Here are the deposition dates so far:

April 3: Kaiko in NY*
April 9: Par 30b6 Notice 1 in NY
April 11: Par 30b6 Notice 2 in NY
April 16: Oshlack in NY*
April 18: Leslie in London
April 22: Malkowska in London
April 23: Miller in London*
April 24: Smith in London*
April 25: Milnes in London
April 29 and 30: Winkler in Frankfurt
May 1 and 2: Wimmer
May 2: Prater in London

I have indicated by asterisks the dates which have been offered by Purdue and confirmed by Par.  Please confirm the remaining dates.

As of now, I understand that Walter Wimmer will be coming to Frankfurt for his deposition.  If something changes with that location, I will let you know.  I am still waiting on dates for Udo Hahn who is currently out of the office, Simon Bashforth who you noticed yesterday, and Paul Goldenheim.  Hopefully, we will have those filled in by next week.

Please confirm the April 9 and 11 dates for the Par corporate depositions and let us know who the witnesses will be.

Thanks,
Sona

---

**From:** Colletti, Robert [mailto:RColletti@flhlaw.com]
**Sent:** Wednesday, March 26, 2008 10:57 AM
**To:** De, Sona
**Cc:** Goldman, Robert J.; Inz, Richard A.; Haug, Ed; Fineman, Steven; rkirk@bayardfirm.com; MBourke@cblh.com
**Subject:** Deposition Dates (540572-521)

Sona,

As you know, there are eight foreign inventors that we have noticed for deposition.  Plaintiffs long ago indicated that all these witnesses would appear for depositions and that we would proceed in Germany and Great Britain.  Unfortunately, we are still awaiting proposed deposition dates for the three German inventors.  We also do not have confirmation that due to the need for translators the witnesses will be made available for two days if necessary.  Moreover, we are awaiting confirmation that the Miller and

Smith depositions will proceed, respectively, on April 23 and 24 in London.  We still do not have a proposed date for the Malkowska deposition.  Kindly let us know the dates you propose for the inventor depositions so we can get a firm schedule in place and make the necessary arrangements.

Regards,
Rob

=============================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.

EXHIBIT S

## Richard Kirk

| | |
|---|---|
| **From:** | Richard Kirk |
| **Sent:** | Wednesday, March 19, 2008 3:29 PM |
| **To:** | 'Colletti, Robert' |
| **Cc:** | De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com; Haug, Ed |
| **Subject:** | RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521) |
| **Attachments:** | Ltr to Robert E. Colletti, Esquire (00771561).PDF |

Rob:

Please find attached a letter responding to your March 17 letter.

As to a date for the deposition, April 15 is the earliest date we have available.  If you cannot take that one, please give us a few dates shortly after that which work for you.

Regards,

Dick Kirk

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)
(302) 655-5000 (main)
(302) 429-4208 (direct)

------------------------------

Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.

This email is sent by a law firm and may contain information that is privileged or confidential. If you received it in error, please notify the sender by reply e-mail and delete the message and any attachments.

------------------------------

**From:** Colletti, Robert [mailto:RColletti@flhlaw.com]
**Sent:** Tuesday, March 18, 2008 3:01 PM
**To:** Richard Kirk
**Cc:** De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com; Haug, Ed
**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Dick,

Thank you for your email and agreeing to hold the deposition at Richards Layton.  Regarding the agreement, we're simply looking for Biovail to comply with its obligations and respond to our document requests.  To the extent Biovail has drafts of the agreement, copies of the final agreement with handwritten notes, communications regarding the agreement, they should have been produced.

I will get back to you regarding the April 15 deposition date.  As set forth in a previous email the deposition of Mr. Oshlack is scheduled for April 16 in New York.  Are there any days prior to April 15 in which Biovail can make a witness available?

Regards,
Rob

6/16/2008

**From:** Richard Kirk [mailto:RKirk@bayardfirm.com]
**Sent:** Tuesday, March 18, 2008 2:51 PM
**To:** Colletti, Robert
**Cc:** De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com; Haug, Ed
**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Rob:

First, regarding the supply agreement between Biovail and Ortho-McNeil, I know that you have a copy of it from Ortho-McNeil's production. Do you want the same agreement again from Biovail? That seems wasteful and inefficient. Please let me know if you will insist on a separate production of the same document. We are still assembling other documents that we do intend to produce and will transmit them as soon as we can.

Second, regarding a date for the deposition, the week of March 31 is not good for us. We could do the deposition on April 15, however. Please let me know if we can lock in that date.

Third, we will agree to have the deposition at Richards Layton.

I expect to respond substantively to your letter of yesterday either later today or early tomorrow.

Regards,

Dick Kirk

Richard D. Kirk
Bayard
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)
(302) 655-5000 (main)
(302) 429-4208 (direct)

-------------------------------
Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
-------------------------------
This email is sent by a law firm and may contain information that is privileged or confidential. If you received it in error, please notify the sender by reply e-mail and delete the message and any attachments.

-------------------------------
**From:** Colletti, Robert [mailto:RColletti@flhlaw.com]
**Sent:** Tuesday, March 18, 2008 10:29 AM
**To:** Richard Kirk
**Cc:** De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com; Haug, Ed
**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Dick,

The documents referred to in my letter yesterday, for example, the agreement between Biovail and Ortho-McNeil, were requested long ago in our initial document requests and should have been produced. To date, we have been unable to locate Biovail's agreement with Ortho-McNeil in Biovail's production. If it has been produced please identify it. If not, please produce it immediately. Regarding the deposition date, I propose April 2 or 3 in Wilmington. I do request, however, that the deposition go forward at the offices of Richards, Layton & Finger because of the volume of documents likely to be used as exhibits.

6/16/2008

Regards,
Rob

**From:** Richard Kirk [mailto:RKirk@bayardfirm.com]
**Sent:** Monday, March 17, 2008 5:24 PM
**To:** Colletti, Robert
**Cc:** De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com
**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Rob:

Thank you for your letter of this afternoon. We will review it carefully and will respond promptly. However, since there are now only four business days at Biovail between now and next Wednesday, I don't think it is practical to go forward then. At a minimum, we will not be in a position to produce the documents you have requested (and we are not yet in agreement on the scope of what we will produce) by the day after tomorrow. Can you look at the rest of your schedule and give some alternate dates in early April?

Also, I do not know the basis for your statement that you agreed to take the deposition in Wilmington for the convenience of Biovail. You noticed the deposition for New York, and there was no basis for that. Rather than insisting on your taking them at Biovail's offices (which would actually be for Biovail's convenience), and then fighting with you about that, we took the Court's default venue for depositions of a corporate plaintiff. Let's just say it is mutually inconvenient.

Regards,

Dick Kirk

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)
(302) 655-5000 (main)
(302) 429-4208 (direct)

Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.

This email is sent by a law firm and may contain information that is privileged or confidential. If you received it in error, please notify the sender by reply e-mail and delete the message and any attachments.

------ Original Message ------

From: Colletti, Robert (RColletti@flhlaw.com)
Sent: Mon 3/17/2008 04:04 PM
Rcvd: Mon 3/17/2008 04:04 PM
To: Richard Kirk (RKIRK052)
CC: De, Sona (Sona.De@ropesgray.com); Goldman, Robert J. (robert.goldman@ropesgray.com); rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com
Subject: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

<< Letter to Richard Kirk(BW).pdf >>

6/16/2008

Dear Dick,

Please see the attached letter regarding the Rule 30(b)(6) deposition of Biovail. Regarding your email, I think it is best we go forward with the deposition on March 25 so that there is no delay in the resolution of this action. Biovail has known about the deposition for a month and the scheduled deposition date is over a week from now. Moreover, we have agreed to take the deposition in Wilmington for the convenience of Biovail.

Regards,
Rob

Robert E. Colletti
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
tel. (212) 588-0800
fax. (212) 588-0500
rcolletti@flhlaw.com

**From:** Richard Kirk [mailto:RKirk@bayardfirm.com]
**Sent:** Monday, March 17, 2008 3:28 PM
**To:** Colletti, Robert
**Subject:** Purdue / Napp v. Par, C.A. No. 07-255-JJF

Dear Rob:

I enjoyed speaking with you on Friday regarding Biovail's objections to Par's 30(b)(6) Notice of Deposition. I think I understand your positions a little better, and I hope you understand mine better. I am hopeful that we can narrow the issues between us. To that end, we are awaiting your letter following up on our call.

Inasmuch as (1) it is now Monday afternoon, (2) this is a short week, at least for me, because of the holiday, and (3) this is a long weekend (Friday and Monday holiday) at Biovail, I think it best that we agree to postpone the deposition date from next Wednesday to a later time, perhaps in early April. We want to produce our witness or witnesses only once, and with so much still in flux that doesn't seem practical to expect next week. Please let me know your thoughts.

Regards,

Dick Kirk

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)
(302) 655-5000 (main)
(302) 429-4208 (direct)
------------------------------------
Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
------------------------------------
This email is sent by a law firm and may contain information that is privileged or confidential. If you received it in error, please notify the sender by reply e-mail and delete the message and any attachments.


==========================================

This message originates from the law firm of Frommer

Lawrence and Haug LLP.  It contains information that may be

6/16/2008

confidential or privileged and is intended only for the individual

or entity named above.  No one else may disclose, copy,

distribute, or use the contents of this message. Unauthorized

use, dissemination, and duplication is strictly prohibited, and

may be unlawful.  All personal messages express views

solely of the sender, which are not to be attributed to

Frommer Lawrence and Haug LLP, and may not be copied or

distributed without this disclaimer.  If you receive this

message in error, please notify us immediately at

firm@flhlaw.com or call (212) 588-0800.

===========================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.


===========================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.

EXHIBIT T

## Richard Kirk

| | |
|---|---|
| **From:** | Colletti, Robert [RColletti@flhlaw.com] |
| **Sent:** | Thursday, March 20, 2008 10:06 AM |
| **To:** | Richard Kirk |
| **Cc:** | De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com; Haug, Ed |

**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Dick,

We have your March 19 letter and will respond. In the meantime, please produce Biovail's agreement with Ortho-McNeil from Biovail's files. We have been unable to locate the agreement in Ortho's production. If in fact it was produced, please identify the document by production number.

Sincerely,
Rob

---

**From:** Richard Kirk [mailto:RKirk@bayardfirm.com]
**Sent:** Wednesday, March 19, 2008 3:29 PM
**To:** Colletti, Robert
**Cc:** De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com; Haug, Ed
**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Rob:

Please find attached a letter responding to your March 17 letter.

As to a date for the deposition, April 15 is the earliest date we have available. If you cannot take that one, please give us a few dates shortly after that which work for you.

Regards,

Dick Kirk

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)
(302) 655-5000 (main)
(302) 429-4208 (direct)

Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.

This email is sent by a law firm and may contain information that is privileged or confidential. If you received it in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Colletti, Robert [mailto:RColletti@flhlaw.com]
**Sent:** Tuesday, March 18, 2008 3:01 PM
**To:** Richard Kirk
**Cc:** De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com; Haug, Ed

6/16/2008

**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Dick,

Thank you for your email and agreeing to hold the deposition at Richards Layton. Regarding the agreement, we're simply looking for Biovail to comply with its obligations and respond to our document requests. To the extent Biovail has drafts of the agreement, copies of the final agreement with handwritten notes, communications regarding the agreement, they should have been produced.

I will get back to you regarding the April 15 deposition date. As set forth in a previous email the deposition of Mr. Oshlack is scheduled for April 16 in New York. Are there any days prior to April 15 in which Biovail can make a witness available?

Regards,
Rob

---

**From:** Richard Kirk [mailto:RKirk@bayardfirm.com]
**Sent:** Tuesday, March 18, 2008 2:51 PM
**To:** Colletti, Robert
**Cc:** De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com; Haug, Ed
**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Rob:

First, regarding the supply agreement between Biovail and Ortho-McNeil, I know that you have a copy of it from Ortho-McNeil's production. Do you want the same agreement again from Biovail? That seems wasteful and inefficient. Please let me know if you will insist on a separate production of the same document. We are still assembling other documents that we do intend to produce and will transmit them as soon as we can.

Second, regarding a date for the deposition, the week of March 31 is not good for us. We could do the deposition on April 15, however. Please let me know if we can lock in that date.

Third, we will agree to have the deposition at Richards Layton.

I expect to respond substantively to your letter of yesterday either later today or early tomorrow.

Regards,

Dick Kirk

Richard D. Kirk
Bayard
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)
(302) 655-5000 (main)
(302) 429-4208 (direct)

-----------------------------------
Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
-----------------------------------
This email is sent by a law firm and may contain information that is privileged or confidential. If you received it in error, please notify the sender by reply e-mail and delete the message and any attachments.

6/16/2008

**From:** Colletti, Robert [mailto:RColletti@flhlaw.com]
**Sent:** Tuesday, March 18, 2008 10:29 AM
**To:** Richard Kirk
**Cc:** De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com; Haug, Ed
**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Dick,

The documents referred to in my letter yesterday, for example, the agreement between Biovail and Ortho-McNeil, were requested long ago in our initial document requests and should have been produced. To date, we have been unable to locate Biovail's agreement with Ortho-McNeil in Biovail's production. If it has been produced please identify it. If not, please produce it immediately. Regarding the deposition date, I propose April 2 or 3 in Wilmington. I do request, however, that the deposition go forward at the offices of Richards, Layton & Finger because of the volume of documents likely to be used as exhibits.

Regards,
Rob

---

**From:** Richard Kirk [mailto:RKirk@bayardfirm.com]
**Sent:** Monday, March 17, 2008 5:24 PM
**To:** Colletti, Robert
**Cc:** De, Sona; Goldman, Robert J.; rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com
**Subject:** RE: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

Rob:

Thank you for your letter of this afternoon. We will review it carefully and will respond promptly. However, since there are now only four business days at Biovail between now and next Wednesday, I don't think it is practical to go forward then. At a minimum, we will not be in a position to produce the documents you have requested (and we are not yet in agreement on the scope of what we will produce) by the day after tomorrow. Can you look at the rest of your schedule and give some alternate dates in early April?

Also, I do not know the basis for your statement that you agreed to take the deposition in Wilmington for the convenience of Biovail. You noticed the deposition for New York, and there was no basis for that. Rather than insisting on your taking them at Biovail's offices (which would actually be for Biovail's convenience), and then fighting with you about that, we took the Court's default venue for depositions of a corporate plaintiff. Let's just say it is mutually inconvenient.

Regards,

Dick Kirk

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)
(302) 655-5000 (main)
(302) 429-4208 (direct)

---

Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.

This email is sent by a law firm and may contain information that is privileged or confidential. If you received it in error, please notify the sender by reply e-mail and delete the message and any attachments.

------ Original Message ------

From: Colletti, Robert (RColletti@flhlaw.com)
Sent: Mon 3/17/2008 04:04 PM
Rcvd: Mon 3/17/2008 04:04 PM
To: Richard Kirk (RKIRK052)
CC: De, Sona (Sona.De@ropesgray.com); Goldman, Robert J. (robert.goldman@ropesgray.com);
rsmith@mnat.com; mbourke@cblh.com; cottrell@rlf.com
Subject: RE: Purdue / Napp v. Par, C.A. No. 07-255-JJF (540572-521)

══════════════════════════════════════════

<< Letter to Richard Kirk(BW).pdf >>

Dear Dick,

Please see the attached letter regarding the Rule 30(b)(6) deposition of Biovail. Regarding your email, I think it is best we
go forward with the deposition on March 25 so that there is no delay in the resolution of this action. Biovail has known
about the deposition for a month and the scheduled deposition date is over a week from now. Moreover, we have agreed
to take the deposition in Wilmington for the convenience of Biovail.

Regards,
Rob

Robert E. Colletti
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
tel. (212) 588-0800
fax. (212) 588-0500
rcolletti@flhlaw.com

**From:** Richard Kirk [mailto:RKirk@bayardfirm.com]
**Sent:** Monday, March 17, 2008 3:28 PM
**To:** Colletti, Robert
**Subject:** Purdue / Napp v. Par, C.A. No. 07-255-JJF

Dear Rob:

I enjoyed speaking with you on Friday regarding Biovail's objections to Par's 30(b)(6) Notice of Deposition. I think I
understand your positions a little better, and I hope you understand mine better. I am hopeful that we can narrow the
issues between us. To that end, we are awaiting your letter following up on our call.

Inasmuch as (1) it is now Monday afternoon, (2) this is a short week, at least for me, because of the holiday, and (3) this is
a long weekend (Friday and Monday holiday) at Biovail, I think it best that we agree to postpone the deposition date from
next Wednesday to a later time, perhaps in early April. We want to produce our witness or witnesses only once, and with
so much still in flux that doesn't seem practical to expect next week. Please let me know your thoughts.

Regards,

Dick Kirk

Richard D. Kirk
BAYARD
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)
(302) 655-5000 (main)
(302) 429-4208 (direct)

Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.

This email is sent by a law firm and may contain information that is privileged or confidential. If you received it in error, please notify the sender by reply e-mail and delete the message and any attachments.

==============================================

This message originates from the law firm of Frommer

Lawrence and Haug LLP.  It contains information that may be

confidential or privileged and is intended only for the individual

or entity named above.  No one else may disclose, copy,

distribute, or use the contents of this message. Unauthorized

use, dissemination, and duplication is strictly prohibited, and

may be unlawful.  All personal messages express views

solely of the sender, which are not to be attributed to

Frommer Lawrence and Haug LLP, and may not be copied or

distributed without this disclaimer.  If you receive this

message in error, please notify us immediately at

firm@flhlaw.com or call (212) 588-0800.

==============================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.

==============================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views

6/16/2008

solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.


============================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.

EXHIBIT U

**From:** Colletti, Robert [RColletti@flhlaw.com]
**Sent:** Thursday, March 20, 2008 12:03 PM
**To:** De, Sona
**Cc:** Goldman, Robert J.; Mary W. Bourke; RKirk@bayardfirm.com; Kreppel, Rachel; Chinta, Padmaja; Christopher E. Jeffers; Haug, Ed
**Subject:** RE: UK depositions (540572-521)

Sona,

The deposition dates you propose essentially require three separate trips to the UK for four depositions. That is unreasonable especially since additional trips may be necessary because we do not yet have a date for the Malkowska deposition in the UK or the three depositions in Germany. Please note that we are prepared to take depositions on the weekend to limit the amount of trips to Europe. We can confirm the April 23 and 24 deposition dates. The May 2 date makes sense if the Malkowska and/or Leslie deposition also proceeds that week. Once you have dates for the German depositions and Sandra Malkowska, I suggest we have a telephone conference early next week to finalize the schedule.

Regards,
Rob

---

**From:** De, Sona [mailto:Sona.De@ropesgray.com]
**Sent:** Wednesday, March 19, 2008 2:41 PM
**To:** Colletti, Robert
**Cc:** Goldman, Robert J.; Mary W. Bourke; RKirk@bayardfirm.com; Kreppel, Rachel; Chinta, Padmaja; Christopher E. Jeffers
**Subject:** UK depositions

Hi Rob,

Please confirm Par's availability to take the UK inventor depositions on the following dates:

April 18 - Stewart Leslie
April 23 - Ronald Miller
April 24 Kevin Smith
May 2 - Derek Prater

We are still working on getting dates for Sandra Malkowska and the German depositions.

Regards,
Sona

**Sona De**
**ROPES & GRAY LLP**
T 212-596-9050 | F 646-728-2650
1211 Avenue of the Americas
New York, NY 10036-8704
Sona.De@ropesgray.com
www.ropesgray.com

6/16/2008

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

```
=============================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.
```

6/16/2008

EXHIBIT V

**Sent:** Wednesday, May 07, 2008 2:21 PM
**To:** 'Colletti, Robert'; De, Sona; Blumenfeld, Jack; rsmith@mnat.com; Mary W. Bourke; RKirk@bayardfirm.com; Christopher E. Jeffers
**Cc:** Haug, Ed; Cottrell, Frederick; Fineman, Steven
**Subject:** RE: Purdue et al. v. Par et al. (540572-521)

Rob:

I am responding to your note with respect to the scheduling of Napp and Purdue witnesses.

As you know, Ms. Malkowska, Dr. Miller, Dr. Leslie, and Dr. Goldenheim are no longer employed by Napp or Purdue. Ms. Malkowska has obligations to her current employer, which complicate her schedule. Nevertheless, I believe that we have previously offered Ms. Malkowska for June 12 in England. Please confirm that Par will proceed on that date.

We have tried without success to contact Drs. Leslie and Miller, both of whom live out of the United States, but we are continuing to try. Both men are retired and each has been traveling. My understanding is that we should learn about Dr. Leslie's availability next week.

With respect to Dr. Goldenheim, who lives in the Boston area, we previously offered April 28 and Par declined the offer. For that deposition, please propose a date before June 5 and we can see whether Dr. Goldenheim is available or not.

As for Dr. Sackler, we have previously offered him for May 13. As Sona told you in her April 23 e-mail, he was unavailable on the date of your deposition notice, May 9. Next week, he is available only on May 13. As I

6/16/2008

understand your response, you didn't want to proceed because you were scheduled to take Mr. Davidson's deposition on that date.  First, that shouldn't matter.  Given all of the lawyers at your firm working on this case, there must be someone besides you who can take one deposition or the other.  Second, Dr. Sackler's availability is limited in the next few weeks, because he is traveling to Asia on business early in the week of the 19th, and will not return before early June.  Purdue expects Par to complete Dr. Sackler's deposition -- and all of the currently noticed employee depositions -- before the June 5 cutoff.  There is no sound reason for Par to not do so.

Accordingly, for what it is worth, I suggest that Par figure out a way to take Dr. Sackler's deposition on the 13th, whether or not you need to cancel Mr. Davidson's renewed deposition to do so.  In all events, Mr. Davidson's deposition should be short.  Par has already taken seven hours of testimony from him, and closed the deposition.  Your renewed examination should be limited only to the prosecution of the '430 patent, which was added to the lawsuit after Mr. Davidson was deposed.

Finally, Purdue and Napp have offered Messrs. Strassburger, Bashforth and Innaurato as 30(b)(6) witnesses for next week.  See Reeta Whitney's May 5 letter to you.  Please let me know whether Par intends to proceed with those depositions.  If not, please propose alternative dates.

Right now, by my count, we have a half dozen lawyers and Purdue/Napp executives who are waiting to hear about their schedules for next week.  I would appreciate a reply before the end of the day today, so that we can either confirm deposition dates or free up the witnesses that Par does not want to take next week.

Regards,

Bob

---

**From:** Colletti, Robert [mailto:RColletti@flhlaw.com]
**Sent:** Monday, May 05, 2008 5:31 PM
**To:** Goldman, Robert J.; De, Sona; Blumenfeld, Jack; rsmith@mnat.com; Mary W. Bourke; RKirk@bayardfirm.com; Christopher E. Jeffers
**Cc:** Haug, Ed; Cottrell, Frederick; Fineman, Steven
**Subject:** Purdue et al. v. Par et al. (540572-521)

Dear Counsel,

This email address various outstanding discovery matters.

First, we are awaiting a privilege log that identifies each document that was recalled by Purdue and Napp as being inadvertently produced.  If the documents were listed on the recently produced privilege logs, please identify them.  Please log or identify these documents by Thursday May 8 or let us know if Purdue and Napp are refusing to identify the recalled documents.  Moreover, please respond to our letter regarding the circumstances surrounding the alleged inadvertent production.  Purdue and Napp certainly reviewed documents for privilege prior to the recent depositions as documents were redacted prior to Purdue's initial document production in January 2008.

Purdue has inappropriately redacted lab book pages pertaining to experiments that were submitted to the Patent Office.  Please respond to my April 27 email requesting legible and unredacted copies of Napp's laboratory notebooks.  The experimental work pertaining to Napp's analysis of the Merck reference that has been redacted is not privileged.  Any claim to privilege was waived when Ms. Malkowska submitted her declaration to the U.S. Patent Office disclosing the results of Napp's experiments.  Please let us know by May 8 if Napp will produce legible and unredacted copies of its laboratory notebooks.

We still await proposed dates for fact depositions that were long ago noticed.  We would like to finalize a schedule in view of the upcoming fact discovery deadline.  Par has accommodated Purdue, despite its last minute deposition notices, and is promptly making its witnesses available.  Please provide deposition dates for the following witnesses:

Ms. Sandra Malkowska

Dr. Ronald Miller
Dr. Stuart Leslie
Dr. Paul Goldenheim
Dr. Richard Sackler.

Moreover, please also provide a date for the continued deposition of Dr. Prater in New York after legible and unredacted copies of Napp's notebooks are produced.   We also await deposition dates for the Rule 30 (b)(6) notices served on each plaintiff.

Finally, we still await the production of various documents requested during depositions.  For example, Dr. Kaiko's memorandum concerning the minimum therapeutic threshold for controlled release tramadol has not been produced.  The documents identified in Purdue's April 24 letter are not Dr. Kaiko's report as is readily apparent from Dr. Kaiko's deposition testimony.

Sincerely,
Rob

Robert E. Colletti
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
tel.  (212) 588-0800
fax. (212) 588-0500
rcolletti@flhlaw.com

=============================================
This message originates from the law firm of Frommer
Lawrence and Haug LLP.  It contains information that may be
confidential or privileged and is intended only for the individual
or entity named above.  No one else may disclose, copy,
distribute, or use the contents of this message. Unauthorized
use, dissemination, and duplication is strictly prohibited, and
may be unlawful.  All personal messages express views
solely of the sender, which are not to be attributed to
Frommer Lawrence and Haug LLP, and may not be copied or
distributed without this disclaimer.  If you receive this
message in error, please notify us immediately at
firm@flhlaw.com or call (212) 588-0800.

# EXHIBIT W



**McDonnell Boehnen Hulbert & Berghoff LLP**    300 South Wacker Drive    312 913 0001 phone
Chicago, Illinois 60606-6709    312 913 0002 fax
www.mbhb.com

May 23, 2008

**VIA FACSIMILE**
**CONFIRMATION VIA MAIL**

Robert E. Colletti
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151

Re:    Biovail Laboratoires, et al., v. Par Pharmaceuticals

Dear Robert:

We are in receipt of your email requests to Richard Kirk regarding the production of a 30(b)(6) witness from Biovail.   Subject to Biovail's objections, the following witnesses will be offered to testify on the indicated topics:

Mr. Robert Ashworth – Topic 7
Mr. Wayne Kreppner – Topics 3, 4, 5, 6, 8

Mr. Ashworth is available for deposition on June 27th, July 14-18 or July 28-31st.  Please let me know which of these dates is acceptable to Par by the close of business, Friday, May 30, 2008.  After that date, we cannot guarantee the offered dates will remain viable as Mr. Ashworth has a very busy schedule.

With respect to potential deposition dates for Mr. Kreppner, I anticipate having something to you early next week.

Finally, with respect to Topic 1, in view of the objections set forth by Mr. Kirk in his correspondence of March 10 and March 19, 2008, please let me know if Par intends to persist in its request for a witness on the subject matter.

Please call or email if you wish to discuss any of the foregoing.

Sincerely,

Paul S. Tully, Ph.D.
312 935 2379
tully@mbhb.com

EXHIBIT X

 **McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive     312 913 0001 phone
Chicago, Illinois 60606-6709     312 913 0002 fax
www.mbhb.com

May 29, 2008

**VIA FACSIMILE**
**CONFIRMATION VIA MAIL**

Robert E. Colletti
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151

Re:     Biovail Laboratoires, et al., v. Par Pharmaceuticals

Dear Robert:

In follow-up to my May 23, 2008 letter, Mr. Kreppner is available for deposition on July 22-25, 2008.  Please let me know which of these dates is acceptable to Par by the close of business, Tuesday, June 3, 2008.  After that date, we cannot guarantee the offered dates will remain viable as Mr. Kreppner has a very busy schedule.

Please call or email if you wish to discuss any of the foregoing.

Sincerely,

Paul S. Tully, Ph.D.
312 935 2379
tully@mbhb.com

# EXHIBIT Y

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC

Tokyo

May 16, 2008

**Porter F. Fleming**
**PFleming@flhlaw.com**

<u>**VIA E MAIL**</u>

Sasha G. Rao, Esq.
Ropes & Gray
525 University Avenue
Suite 300
Palo Alto, CA 94301-1917

Re:    *Purdue et al. v. Par Pharmaceutical et al.*
       Civil Action No. 07-255 (JJF) (D.Del).

Dear Sasha:

Further to our ongoing efforts to offer deposition dates: Oscar Fishkis is available on June 6th, Alfred Elvin on June 11th and Joshua Joseph on June 13th. Please confirm that you wish to proceed on these dates.

Unfortunately, I must inform you that due to scheduling issues Harish Pandya is no longer available on Monday, May 19th. This individual is not a Par employee and we do not yet have a new date to propose. We will get back to you as soon as we can coordinate a date.

Please also confirm that you still want to proceed with Kala Patel's deposition on Tuesday, May 20th at the Hyatt Regency New Brunswick at 9:00 a.m.

Very truly yours,

Porter F. Fleming

PFF:ap

cc:    Robert J. Goldman, Esq.
       Recta K. Whitney, Esq.
       Mary W. Bourke, Esq.
       Richard D. Kirk, Esq.
       Frederick L. Cottrell, Esq.

EXHIBIT Z



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS    NEW YORK, NY 10036-8704    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    TOKYO    WASHINGTON, DC    www.ropesgray.com

May 19, 2008

Sasha G. Rao
650-617-4723
650-566-4223 fax
sasha.rao@ropesgray.com

**BY E-MAIL & FIRST CLASS MAIL**

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 5th Avenue
New York, NY 10151

*Purdue et al. v. Par*

Dear Porter:

I write to follow-up on the 30(b)(6) depositions of Ms. Bonomi and Dr. Mittleberg. I understand that Paul Campanelli will be Par's 30(b)(6) witness on the financial topics for which Par designated Dr. Mittleberg and then withdrew at his deposition. As for the remaining topics 1-14 and 15-18 of Plaintiffs' Amended 30(b)(6) Notice for which Par designated Dr. Mittleberg and Ms. Bonomi, there remain unanswered questions that are within the scope of the topics for which they were designated.

Rather than requesting a new witness on every topic for which the witness was instructed not to answer, I am providing you with the following list of questions for which Plaintiffs require an answer. Some of these questions are the same ones that we asked at Ms. Bonomi's deposition that you took under advisement. (We discussed these questions at Dr. Mittleberg's deposition and you stated that you were looking for an appropriate witness to provide us the answers.) Please let us know if Par intends to designate the appropriate witness for these questions or otherwise provide an answer and stipulate that the answer will be deemed a party admission:

1. Is Par relying on the same dissolution tests in its Paragraph IV certifications that it is relying on in its ANDA submissions to the FDA?

2. Is Par relying on any dissolution tests in its Paragraph IV certifications that were not submitted to the FDA? In other words, did Par omit any of the dissolution data relied on for its Paragraph IV certifications from its ANDA submissions to the FDA? Has Par produced all dissolution tests underlying its statements in its Paragraph IV certifications?

ROPES & GRAY LLP

Porter F. Fleming, Esq.                    - 2 -                    May 19, 2008

3.    If the answer to Question 2 above is yes, what are the facts and circumstances surrounding these dissolution tests that are relied on in its Paragraph IV certifications, but were not submitted to the FDA? The following are follow-up questions on the same subject:

   i.    How many tests is Par relying on in its Paragraph IV certifications that were not submitted to the FDA in its ANDA submissions?

   ii.   On which ANDA formulations were these tests performed? On Bulk Lot # 183317? On Bulk Lot #183362? On Bulk Lot # 186975? On some other Bulk Lot #? On some other prototype formulation number? On some other mini-pilot batch number?

   iii.  What were the test conditions for each of these tests? Were they run under the USP? What was the apparatus used? What was the pH of the solvent or media? What was the volume? What was the temperature? What was the agitation rate?

   iv.   Who performed these tests? Please identify the individuals who performed these tests?

   v.    When were these tests performed?

   vi.   Where were these tests performed? In Par's Analytical Labs?

In addition, Par has objected to providing a witness on the topic of any analysis done by or for Par relating to the statements made in Par's Paragraph IV certification (Topic 21) of Plaintiffs' 30(b)(6) Notice. The alleged grounds for the objection was privilege and work product.

Par's objection to providing a witness to topic 21 in its entirety is unsound. For example, to the extent Par has made factual statements in its Paragraph IV certifications about the dissolution profiles of its accused tablets, Plaintiffs are entitled to examine Par's witnesses about this dissolution data. Par has stated to us in correspondence (*see* item 9 of Jon Wise's May 8, 2008 letter to me) that it is has produced the dissolution testing of Par's Tramadol ER ANDA formulations. Because the formulations that were the subject of Par's Paragraph IV certifications to the FDA also relate to the same ANDA formulations, we take Par at its word that it has produced the dissolution data that is the basis of its Paragraph IV certifications. The facts and circumstances regarding the dissolution tests that are the basis of Par's statements to the FDA in its Paragraph IV certifications are neither privileged nor work product.

By way of another example, to the extent Par has a paper or electronic document file of the underlying facts that support its Paragraph IV certifications (dissolution data, English translation of references relied on, the references relied on, the patents in suit, etc.), the location

ROPES & GRAY LLP

Porter F. Fleming, Esq.                    - 3 -                    May 19, 2008

and nature of those documents, the people with knowledge about those documents are facts that Plaintiffs are entitled to inquire about.

Please let us know, at your earliest convenience, if Par will provide us with a 30(b)(6) witness for Topic 21.

Finally, Par has indicated at the 30(b)(6) depositions and in its Objections to Plaintiffs' Amended 30(b)(6) Notice that it will not provide a witness on the topic of opinions of counsel and reliance (Topic 20 of Plaintiffs' Amended 30(b)(6) Notice). Given Par's refusal to provide deposition and document discovery on this topic, please be advised that Plaintiffs will move to preclude Par from relying on an advice of counsel defense at trial, if it attempts to do so.

Very truly yours,

Sasha G. Rao

SGR:


cc:    Robert Colletti
       Jonathan Wise
       Mary Bourke
       Richard Kirk
       Jack Blumenfeld