# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA PRODUCTS L.P., NAPP PHARMACEUTICAL GROUP LTD., BIOVAIL LABORATORIES INTERNATIONAL SRL, and ORTHO-MCNEIL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 07-255-JJF <br> ) <br> ) <br> ) <br> ) <br> ) **REDACTED** <br> ) **PUBLIC VERSION** <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF CERTAIN DISCOVERY AND AMEND SCHEDULING ORDER

Of Counsel:
Daniel G. Brown
Wilson Sonsini Goodrich & Rosati, PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
212-999-5800

Ron E. Shulman
Wilson Sonsini Goodrich & Rosati, PC
650 Page Mill Road
Palo Alto, CA 94304

Nicole W. Stafford
Wilson Sonsini Goodrich & Rosati, PC
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546

Dated: August 22, 2008

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.*

## INTRODUCTION

Par's Motion to Compel Production of Certain Discovery and Amend Scheduling Order (D.I. 152) was scheduled for oral argument on July 11. On July 9, the Court took the Motion under advisement, and informed the parties that the Motion would be decided on the papers. Par submits this supplemental brief to apprise the Court of two facts that arose subsequent to the completion of briefing, and that Par would have informed the Court of during oral argument. First, contrary to their opposition brief, plaintiffs Purdue Pharma Products L.P. and Napp Pharmaceutical Group Ltd.'s ("plaintiffs") recent admissions confirm that the subject matter waiver issue concerning the Merck reference is not moot. Second, after Par submitted its reply brief on July 3, plaintiffs recalled more than 50 additional documents.

## ARGUMENT

### A. Information Obtained Since Par Filed Its July 3 Reply Brief Confirms That, Contrary To Plaintiffs' Assertion, Subject Matter Waiver Issue Is Not Moot

Plaintiffs stated in their opposition brief that "Par's motion to compel production of Merck testing documents is moot" and "the documents that Par seeks by this motion were produced before the motion was filed, except for sixteen additional documents that are being produced today." (D.I. 176, at 13). Plaintiffs' contentions are wrong and misleading. Plaintiffs continue to withhold internal documents on the basis that there has been no subject matter waiver relating to the Merck reference. Moreover, plaintiffs continue to prevent deposition testimony on the basis that there has been no subject matter waiver relating to the Merck reference.

If the subject matter waiver issue is moot as plaintiffs asserted, then documents relating to testing using the Merck reference should not be withheld on the grounds of privilege. Unfortunately, plaintiffs are still withholding documents and maintaining that there has not been a subject matter waiver.

After recent depositions, Par requested internal Napp analytical data from experimentation that followed the teachings of the Merck reference.

**REDACTED**

Specifically, Napp did not produce the analytical data corresponding to Napp's LIMS reference numbers **REDACTED**

Par requested this analytical information during the depositions and subsequently in writing.

In response to requests for this information, Par was initially informed that Napp had "not located" the analytical data. (Ex. A, 6/30/08 Wang letter). Subsequently, on July 8 Par was informed by Napp, for the first time, that the requested analytical data in fact existed and had been located at Napp. Par was further informed that Napp was withholding this analytical data as privileged. There is no privilege associated with the requested data, however, because as set forth in Par's opening and reply briefs in support of its Motion to Compel (D.I. 153 and 184), there has been a subject matter waiver. Napp cannot submit favorable results to the Patent Office regarding patentability over the Merck reference and simultaneously withhold other experimentation based on the same reference.

**REDACTED**

2

(Ex. B, Leslie Tr. 17:20-18:1).

Plaintiffs should produce the analytical data **REDACTED** for experimentation using the Merck reference as a guideline as well as other requested documents in view of the subject matter waiver concerning the Merck reference. Moreover, plaintiffs should produce all documents from their privilege logs relating to experimentation using the Merck reference as a guideline.

B. **Plaintiffs Recalled Over 50 More "Inadvertently" Produced Documents After Par Filed Its July 3 Reply Brief**

As expected, on July 5, 2008 -- the eve of leaving for London to take the depositions of two named inventors of the patents-in-suit -- plaintiffs recalled an additional 53 documents. (Ex. C, 7/5/08 Huang letter). This was the seventeenth time plaintiffs have recalled documents by letter, i.e. not including the recalling of documents during depositions. Yet another indication that the recalling of documents to Par's prejudice has not ended.

### CONCLUSION

For the foregoing reasons and the reasons set forth in its opening and reply briefs, Par respectfully requests that the Court order the requested relief.

Of Counsel

Edgar H. Haug
Robert E. Colletti
Jonathan R. Wise
Angus Chen
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

Dated: July 10, 2008

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.

3

RLF1-3301379-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Jack B. Blumenfeld, Esquire
Rodger D. Smith II, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130

Mary W. Bourke, Esquire
Conolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on August 22, 2008, I have sent by Electronic Mail, the foregoing document to the following non-registered participants:

Robert J. Goldman, Esquire
Ropes & Gray LLP
525 University Avenue
Suite 300
Palo Alto, California 94310

Richard A. Inz
Sona De
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com

RLF1-3314667-1

# EXHIBIT A



ROPES & GRAY LLP
525 UNIVERSITY AVENUE, SUITE 300
PALO ALTO, CA 94301-1917
WWW.ROPESGRAY.COM

June 30, 2008

Thomas A. Wang
650-617-4075
650-566-4190 fax
thomas.wang@ropesgray.com

**BY E-MAIL (CONFIRMATION COPY BY FEDEX)**

Robert E. Colletti, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

        Re:   *Purdue et al. v. Par Pharmaceutical et al.*

Dear Rob:

Further to Paddy Chinta's e-mail to you of June 27, 2008, enclosed is a CD containing a copy of Napp's stability notebook relating to its experiments from the Napp v. Asta litigation.

The CD also includes documents concerning Napp's experimental testing based on the Merck/Bondi reference in connection with foreign patent office proceedings or foreign patent litigation. These documents were previously withheld from the DDK production.

We are still looking for the clinical study report TH096-0402 but have not located any of the other documents requested in your June 23 letter to Ms. Chinta.

Regards,

*Thomas A. Wang* (signature)

Thomas A. Wang

TAW:taw

Enclosure (via FedEx)

# EXHIBIT B

# REDACTED IN ITS ENTIRETY

# EXHIBIT C



**ROPES & GRAY LLP**
525 UNIVERSITY AVENUE   SUITE 300   PALO ALTO, CA 94301-1917   650-617-4000   F 650-617-4090
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   TOKYO   WASHINGTON, DC   www.ropesgray.com

July 5, 2008

Henry Y. Huang
650-617-4078
650-566-4201 fax
henry.huang@ropesgray.com

**BY E-MAIL (CONFIRMATION BY FEDEX)**

Robert E. Colletti, Esq.
Frommer Lawrence & Haug LLP
745 5th Avenue
New York, NY 10151

*Purdue et al. v. Par*

Dear Mr. Colletti:

We hereby request the return of the following inadvertently and/or unintentionally produced documents as protected by the attorney/client privilege and/or work product immunity pursuant to ¶ 10 of the Protective Order:

| Bates Begin | Bates End |
|---|---|
| NAPP0037215 | NAPP0037235 |
| NAPP0037521 | NAPP0037522 |
| NAPP0075283 | NAPP0075297 |
| NAPP0097919 | NAPP0097931 |
| NAPP0097932 | NAPP0097944 |
| NAPP0142846 | NAPP0142858 |
| NAPP0341071 | NAPP0341072 |
| NAPP0384742 | NAPP0384745 |
| NAPP0391246 | NAPP0391427 |

We hereby request the return of the following inadvertently produced documents as protected by the attorney/client privilege and/or work product immunity pursuant to ¶ 10 of the Protective Order, which are being re-produced on the enclosed CD with redactions and will have the same production numbers as before:

| Bates Begin | Bates End |
|---|---|
| NAPP0036643 | NAPP0036696 |
| NAPP0037521 | NAPP0037522 |

ROPES & GRAY LLP

Robert E. Colletti, Esq.      - 2 -      July 5, 2008

| Bates Begin | Bates End |
|---|---|
| NAPP0041104 | NAPP0041192 |
| NAPP0041303 | NAPP0041305 |
| NAPP0041805 | NAPP0041808 |
| NAPP0043347 | NAPP0043352 |
| NAPP0067704 | NAPP0067711 |
| NAPP0075283 | NAPP0075297 |
| NAPP0075331 | NAPP0075334 |
| NAPP0075961 | NAPP0075965 |
| NAPP0096039 | NAPP0096051 |
| NAPP0096244 | NAPP0096247 |
| NAPP0096279 | NAPP0096280 |
| NAPP0096281 | NAPP0096282 |
| NAPP0096427 | NAPP0096428 |
| NAPP0097064 | NAPP0097066 |
| NAPP0097018 | NAPP0097019 |
| NAPP0097367 | NAPP0097368 |
| NAPP0097499 | NAPP0097500 |
| NAPP0097919 | NAPP0097931 |
| NAPP0097932 | NAPP0097944 |
| NAPP0098156 | NAPP0098157 |
| NAPP0142846 | NAPP0142858 |
| NAPP0241909 | NAPP0241912 |
| NAPP0241913 | NAPP0241917 |
| NAPP0271071 | NAPP0271074 |
| NAPP0272790 | NAPP0272794 |
| NAPP0272795 | NAPP0272800 |
| NAPP0272885 | NAPP0272886 |
| NAPP0341071 | NAPP0341072 |
| NAPP0342889 | NAPP0342891 |
| NAPP0383331 | NAPP0383342 |
| NAPP0384742 | NAPP0384745 |
| NAPP0384746 | NAPP0384750 |
| NAPP0390857 | NAPP0390858 |
| NAPP0391171 | NAPP0391179 |

ROPES & GRAY LLP

Robert E. Colletti, Esq.　　　　　　　　　- 3 -　　　　　　　　　　　July 5, 2008

| Bates Begin | Bates End |
|---|---|
| NAPP0391246 | NAPP0391247 |
| PUR0775590 | PUR0775592 |
| PUR0775601 | PUR0775603 |
| PUR0776073 | PUR0776074 |
| PUR0776076 | PUR0776077 |
| PUR0776078 | PUR0776079 |
| PUR0776851 | PUR0776852 |
| PUR1048556 | PUR1048564 |

Please confirm in writing once Par has complied with the requirements of ¶ 10 of the Protective Order with respect to the above identified inadvertently produced documents.

Sincerely,

*Henry Huang*

Henry Y. Huang

HYH:tc