```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

PURDUE PHARMA PRODUCTS L.P.,    :
et al.,                         :
                                :
        Plaintiffs,             :
                                :
    v.                          :  Civil Action No. 07-255-JJF
                                :
PAR PHARMACEUTICALS, INC,       :
et al.,                         :
                                :
        Defendants.             :

### MEMORANDUM ORDER

Pending before the Court is Defendants' Application for Issuance of a Letter of Request for International Judicial Assistance to the Appropriate Judicial Authority of Germany Pursuant to the Hague Convention (D.I. 48) and non-party Grunenthal USA, Inc.'s Motion to Quash (D.I. 143). For the reasons discussed below, the Court will deny Defendants' application and grant Grunenthal USA's motion.

### I.  Background

On May 9, 2007, Plaintiffs Purdue Pharma Products L.P. ("Purdue"), Napp Pharmaceutical Group Ltd. ("Napp"), Biovail Laboratories International SRL, and Ortho-McNeil, Inc. (collectively, "Plaintiffs") filed this action alleging that Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (collectively, "Par" or "Defendants") infringe U.S. Patent No. 6,254,887 (" '887 patent"). (D.I. 1.)

On February 29, 2008, Defendants filed the present application requesting issuance of a letter of request for

documents and deposition testimony from Dr. Eric-Paul Paques ("Dr. Paques"), an employee of non-party Grunenthal GmbH ("Grunenthal"), a German corporation.  The documents and deposition testimony Defendants seek relate to Grunenthal's use and development of tramadol and Grunenthal's opposition to the EP 624366 ("EP '366 patent"), the European counterpart to the '877 patent in suit.  Grunenthal entered a settlement agreement with Euro-Celtique S.A., a patent holding company associated with Plaintiffs, and withdrew its opposition to the EP '366 patent.

On February 21, 2008 Par issued a subpoena from the United States District Court for the Southern District of New York to Grunenthal USA, Inc. ("Grunenthal USA"), seeking documents substantially identical to those it seeks by application for a letter of request under the Hague Convention.  On May 12, 2008, the Honorable Deborah A. Batts of the United States District Court for the Southern District of New York issued a Memorandum & Order which concluded "[i]t is appropriate for this Court to defer to the Judge permanently assigned to this case where the subpoena before this Court is merely duplicative of another effort, before the primary Court, to obtain same documents."  (D.I. 144, Exh. 6.)  On May 19, 2008, Par issued a subpoena from this Court for the deposition of Grunenthal USA, in order to "examine Grunenthal USA on its claim that it lacks control over the documents Par seeks in this litigation."  (D.I. 164 at 1.)

On May 29, 2008, Grunenthal USA filed the present Motion to Quash the deposition subpoena.

## II. Discussion

The Hague Convention is an agreement among sovereigns "intended to establish optional procedures that would facilitate the taking of evidence abroad." Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa, 482 U.S. 522, 538 (1987). A party seeking application of the Hague Convention proceeds bears the burden of persuading the Court of its necessity. Tulip Computers Int'l B.V. v. Dell Computer Corp., 254 F. Supp. 2d 469, 474 (D. Del. 2003)(citations omitted). In entertaining a request of letter pursuant to the Hague Convention, "[t]he exact line between reasonableness and unreasonableness in each case must be drawn by the trial court, based on its knowledge of the case and of the claims and interests of the parties and the governments whose statutes and policies they invoke." Aerospatiale, 482 U.S. at 546.

Under Rule 26(b)(2)(C), a court must limit the frequency and extent of discovery that can be obtained from sources less burdensome or less expensive, or if it determines that the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b).

Plaintiffs contend, inter alia, that Defendants letter of request seeks documents already produced or publicly available,

3

and documents and deposition testimony either irrelevant or inadmissible at trial. Specifically, Plaintiffs contend that they have produced extensive documentation of Grunenthal's opposition proceedings, as well as the license agreement between Purdue and Grunenthal relating to controlled-release tramadol. Further, Plaintiffs contend that the documents sought to prove the dates of first knowledge or use of controlled release tramadol by Grunenthal <u>in Germany</u> cannot constitute prior art under 35 U.S.C. § 102 and are thus irrelevant.

In response, Defendants contend that foreign knowledge and use by others are relevant to the validity inquiry under 35 U.S.C. § 102. Further, Defendants contend that documents produced by Plaintiff Napp Pharmaceutical Group Ltd. indicate that inventor Horst Winkler knew Grunenthal was working on a controlled-release tramadol product in 1992, quoting: "Dr. Winkler noted that information has been published on studies of a controlled release Tramadol formulation from Grunenthal and he has been trying to obtain samples of such a product for evaluation purposes." (D.I. 75 at Exh. B, NAPP0033398.)

After reviewing the parties' contentions, the Court is unpersuaded that a letter of request under the Hague Convention is warranted in these circumstances. As Plaintiffs contend, to the extent that Defendants seek foreign patents and publications related to controlled-release tramadol - which are prior art, see

4

35 U.S.C. § 102(a)[1] - Defendants can do so on its own and without burdening the German Courts, Grunenthal, or Defendants. To the extent that Defendants seek more general evidence of Grunenthal's possible knowledge of or use of tramadol, which is not prior art, the Court concludes that this information is too peripherally relevant to the matter at issue to justify issuing a letter of request under the Hague Convention.

Similarly, the Court concludes that Defendants' proposed examination topics for Dr. Paques are too peripherally relevant to Defendants' defense of patent invalidity to justify the burden they would pose to Dr. Paques, a foreign non-party individual. See Fed. R. Civ. P. 26(b). Proposed examination Topic 4, which is directed to whether and how Grunenthal developed controlled-release tramadol, is not sufficiently connected to the present action to warrant a letter of request because Defendants have not established that Grunenthal's work on controlled-release tramadol

---

[1] Pursuant to 35 U.S.C. § 102:

A person shall be entitled to a patent unless-

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or

\*\*\*
(f) he did not himself invent the subject matter sought to be patented ...

35 U.S.C. § 102 (a) & (f)(2002).

constitutes prior art. Similarly, the Court concludes that the remaining topics of examination, which pertain to Grunenthal's work on immediate-release tramadol formulations, business relationships with Plaintiffs and non-parties, and opposition to the EP '366 patent, are insufficiently relevant to the present action to justify the burden and expense they would impose, especially in light of the fact that much of the information sought has already been produced or is publicly available.

Accordingly, the Court will deny Defendants' application. As they are now moot, the Court declines to address Plaintiffs' contentions regarding the propriety of Defendants' request under German law. Because the Court's ruling also renders Defendants' document subpoena moot, the Court will grant Grunenthal USA's motion to quash Defendants' deposition subpoena.

### III. Conclusion

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Application for Issuance of a Letter of Request for International Judicial Assistance to the Appropriate Judicial Authority of Germany Pursuant to the Hague Convention (D.I. 48) is **DENIED**;

2. Grunenthal USA, Inc.'s Motion to Quash (D.I. 143) is **GRANTED**.

August 26, 2008

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE