IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA PRODUCTS L.P.,<br>NAPP PHARMACEUTICAL GROUP LTD.,<br>BIOVAIL LABORATORIES<br>INTERNATIONAL, SRL, and ORTHO-<br>MCNEIL, INC.,<br><br>          Plaintiffs/Counterclaim-<br>          defendants,<br><br>     v.<br><br>PAR PHARMACEUTICAL, INC., and PAR<br>PHARMACEUTICAL COMPANIES, INC.,<br><br>          Defendants/Counterclaim-<br>          plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-255-KAJ<br>)          (CONSOLIDATED) |

## JUDGMENT ORDER

WHEREAS, the claims of Plaintiff Biovail Laboratories International, SRL ("Biovail") against Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (collectively, "Par") and Par's counterclaims as they relate to Biovail were dismissed by this Court's November 10, 2008 Order of Partial Dismissal;

AND WHEREAS, Plaintiff Ortho-Mcneil, Inc. ("Ortho") was dismissed from this action by this Court's December 3, 2008 Order;

AND WHEREAS, this Court held a bench trial in April 2009 on the remaining Plaintiffs Purdue Pharma Products L.P.'s and Napp Pharmaceutical Group Ltd.'s (collectively, "Purdue") claims of infringement and Par's counterclaims of invalidity and unenforceability of Purdue's United States Patent Nos. 6,254,887 (the "'887 patent") and 7,074,430 (the "'430 patent") as asserted against Par;

AND WHEREAS, this Court issued Findings of Fact and Conclusions of Law on August 14, 2009, in which the Court held (i) that Par's filing of Abbreviated New Drug Application ("ANDA") No. 78-783 with the U.S. Food and Drug Administration infringed claims 3, 13, 27, and 29 of the '887 patent and Par's manufacture, use, and offer to sell tramadol extended release tablets in 100 mg, 200 mg, and 300 mg dosage strengths would infringe claims 5, 7, and 11 of the '430 patent; (ii) that those claims are invalid as obvious; and (iii) that the '887 patent and '430 patents were not proven by clear and convincing evidence to be unenforceable due to inequitable conduct;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    Par has literally infringed Claims 3, 13, 27, and 29 of the '887 patent, and Par's manufacture, use, and offer to sell tramadol extended release tablets in 100 mg, 200 mg, and 300 mg dosage strengths would infringe claims 5, 7, and 11 of the '430 patent.

2.    Claims 3, 13, 27, and 29 of the '887 patent and claims 5, 7, and 11 of the '430 patent are invalid for obviousness.

3.    The '887 and '430 patents are not unenforceable due to inequitable conduct.

4.    Judgment be and is hereby entered in favor of Purdue and against Par on the issues of infringement of the asserted claims of the '887 and '430 patents and inequitable conduct with respect to the '887 and '430 patents.

2

   5.     Judgment be and is hereby entered in favor of Par and against Purdue on

the issue of invalidity of the asserted claims of the '887 and '430 patents.

_____
United States Circuit Judge

DATE:   August 14, 2009
Wilmington, Delaware

3